**UNITED STATES of America**

v.

**Chris HALLEMEIER and Richard Downs.**

**No. 88 CR 40.**

United States District Court, N.D. Illinois, E.D.

June 15, 1989.

---

204

---

## MEMORANDUM OPINION AND ORDER

PLUNKETT, District Judge.

Defendants Chris Hallemeier and Richard Downs both pled guilty to conspiracy to possess and pass counterfeit money, and passing counterfeit money. Defendants now seek a declaration that the Federal Sentencing Guidelines, 28 U.S.C. § 991 *et seq.*, violate the due process clause of the Fifth Amendment, and are also invalid as inconsistent with the enabling legislation.[1] For the reasons set forth below, the court rejects these arguments, and denies Defendants' motion.

*Due Process*

■ Defendants first contend that the Guidelines violate due process because defendants have a constitutional right to individualized sentences. The Seventh Circuit categorically rejected such an argument in *United States v. Pinto,* 875 F.2d 143 (7th

1. Defendant Downs filed a Motion to Declare Sentencing Guidelines Unconstitutional on Due Process Grounds which raises both grounds stated in text. Defendant Hallemeier joined in the motion.

Cir.1989), and we of course follow that decision.[2]

Defendants' second argument is that the Guidelines were derived in an irrational manner, and that imposition of sentence based on them is thus irrational and in violation of due process. This court has previously considered and rejected this argument, and refers the parties to our earlier opinion. *See United States v. Walton,* 88 CR 877 (N.D.Ill. May 12, 1989), at 3–4 (attached).

Defendants' third and final due process claim is that the Guidelines violate procedural due process by denying defendants the right to a meaningful hearing. This argument, too, has previously been considered and rejected by this court. *See Walton* at 2–3.

*Enabling Legislation*

Defendants' argument that the Guidelines are invalid because they are inconsistent with the enabling legislation has not previously been considered by either the Seventh Circuit or this court, and thus shall receive more discussion. The Guidelines are not legislation, for they were not passed by both houses of Congress and presented to the President for his signature. *United States v. Mendez,* 691 F.Supp. 656, 662 (S.D.N.Y.1988) (*citing INS v. Chadha,* 462 U.S. 919, 946–51, 103 S.Ct. 2764, 2781–84, 77 L.Ed.2d 317 (1983)). Thus,

> [i]f the Guidelines are not consistent with the legislation that enabled the [Sentencing] Commission to promulgate them, they are invalid to the extent of the inconsistency because the power of the Commission, like the power of any other administrative board, was only "to adopt regulations to carry into effect the will of Congress as expressed by the statute. A regulation which does not do this, but operates to create a rule out of harmony with the statute, is a mere nullity."

*Mendez, supra,* (*quoting Manhattan General Equipment Co. v. Commissioner,* 297 U.S. 129, 134, 56 S.Ct. 397, 400, 80 L.Ed. 528 (1936)).

Defendants claim that the Guidelines are inconsistent with the enabling legislation because they restrict the availability of probation to a degree not intended by Congress. In support of this argument they cite four different sections of the enabling legislation, and contrast them to the provisions of the Guidelines. Defendants cite no cases in support of their arguments, presumably because, at least according to this court's research, every court which has thus far considered these arguments has rejected them. *See* cases cited *infra.*

At the outset, we note that the Guidelines became effective only with the consent of Congress. *See* Comprehensive Crime Control Act of 1984, Pub.L. No. 98–473, Section 235(a)(1)(B)(ii), 98 Stat. 2031–32; 28 U.S.C. § 994(p). Congress had the opportunity to amend the Guidelines' treatment of probation, but failed to do so. In light of this fact, it is difficult for the court to conclude that the Guidelines contravened Congressional intent in restricting the availability of probation. *See United States v. Myers,* 687 F.Supp. 1403, 1420 (N.D.Cal.1988); *United States v. Frank,* 682 F.Supp. 815, 823 (W.D.Pa.1988). Nonetheless, we shall go on to discuss each of Defendants' arguments.

■ Section 994(j) of the enabling legislation provides as follows:

> The Commission shall insure that the guidelines reflect the general appropriateness of imposing a sentence other than imprisonment in cases in which the defendant is a first offender who has not been convicted of a crime of violence or an otherwise serious offense, and the general appropriateness of imposing a term of imprisonment on a person convicted of a crime of violence that results in serious bodily injury.

28 U.S.C. § 994(j). Defendants argue that Congress thus meant to include probation among the judge's sentencing options for all first offenders save those convicted of

---

**2.** Prior to *Pinto,* this court had rejected a similar argument in *United States v. Walton,* 88 CR 877,

1989 WL 54952 (N.D.Ill. May 12, 1989), at 1–2.

crimes of violence or particularly serious non-violent crimes, which according to Defendants includes crimes such as espionage, but excludes the crimes of which Defendants were convicted. They argue that since the Guidelines preclude straight probation for these Defendants, they conflict with Section 994(j).

Defendant Downs is not a first offender and thus lacks standing to raise this argument. As Defendant Hallemeier, however, is a first offender, we proceed to the merits of this argument. The Guidelines allow straight probation for a first offender convicted of an offense between levels one and six, and a split sentence of imprisonment and probation for a first offender convicted of one of the next four levels. *See* Sentencing Table (Sentencing Guidelines at 5.2) and probation guidelines (Section 5B1.1); *see also United States v. Macias–Pedroza,* 694 F.Supp. 1406, 1417–18 (D.Ariz.1988) (en banc). There can be little dispute that many fewer offenders will receive probation under the Guidelines than was formerly the case. *See, e.g.,* Alschuler, Departures and Plea Agreements under the Sentencing Guidelines, 117 F.R.D. 459, 466 (1987). Nonetheless, we do not think this result contravenes Congressional intent, for Congress also directed that "[t]he Commission shall insure that the Guidelines reflect the fact that, in many cases, current sentences do not accurately reflect the seriousness of the offense." 28 U.S.C. § 994(m); *see also Mendez,* 691 F.Supp. at 663 (citing 28 U.S.C. § 994(m) in rejecting similar argument); *United States v. Gioeli,* 1989 WL 32833, 1989 U.S.Dist. LEXIS 3501 at 3–4 (E.D.N.Y. Mar. 23, 1989) (same). In short, we find that the restricted availability of probation is not inconsistent with Section 994(j) when read in conjunction with Section 994(m), and we thus refuse to invalidate the Guidelines based on Section 994(j).[3]

■ Defendants argue that 28 U.S.C. § 994(g), which instructs the Commission to formulate the Guidelines in such a way as to "minimize the likelihood that the federal prison population will exceed the capacity of the federal prisons," also evidences Congress' intent that probation be broadly available for first offenders.[4] The legislative history, however, states as follows:

[Section 994(g) was intended] to assure that the available capacity of the facilities and services is kept in mind when the Guidelines are promulgated. It is not intended, however, to limit the Sentencing Commission in recommending Guidelines that it believes will best serve the purposes of sentencing.

S.Rep. No. 225, 98th Cong., 2nd Sess. 175, reprinted in 1984 U.S.Code Cong. & Admin. News 3182, 3358. We think this history decisively undercuts the argument that Section 994(g) mandates that probation be broadly available to first offenders, and therefore reject Defendants' argument. *See Mendez,* 691 F.Supp. at 663; *United States v. Schender,* 1988 WL 83193, 1988 U.S.Dist. LEXIS 8405 at 5 (E.D.N.Y. July 13, 1988).

■ Defendants' third argument regarding the enabling legislation is that the Guidelines' restrictions on probation are inconsistent with 18 U.S.C. § 3561, which was part of the same act that established the Sentencing Commission. That provision prohibits probation only for defendants who have been convicted of a Class A or Class B felony or under a statute expressly precluding probation, or who are otherwise imprisoned. We do not think that this prohibition on probation in certain instances in any way indicates that Congress intended probation to be available in all cases not falling within the categories set forth in Section 3561. Indeed, the legislative history of this provision states as follows:

**3.** For other cases rejecting challenges based on Section 994(j), *see United States v. Myers,* 687 F.Supp. 1403, 1420–21 (N.D.Cal.1988); *United States v. Frank,* 682 F.Supp. 815, 823 (W.D.Pa. 1988); *United States v. Macias–Pedroza,* 694 F.Supp. 1406, 1417–18 (D.Ariz.1988) (en banc).

**4.** Defendant Downs, as we have previously indicated, lacks standing to make arguments which pertain specifically to first offenders.

[Section 3561] creates no presumption for or against probation. The Committee believes that the sentencing guidelines can more adequately delineate those cases in which a term of probation is preferable to a term of imprisonment, or vice versa, as a means of achieving the purposes of sentencing.

S.Rep. No. 225, 98th Cong., 2nd Sess. 90, reprinted in 1984 U.S.Code Cong. & Admin. News 3182, 3273. We thus conclude that the Guidelines are not inconsistent with the very broad outlines of Section 3561.[5]

Defendants' final claim is that the limited availability of probation under the Guidelines is inconsistent with 18 U.S.C. § 3553(a), which states that "[t]he court shall impose a sentence sufficient, but not greater than necessary" to comply with the purposes of sentencing. According to Defendants, Section 3553(a) mandates a "least-restrictive-alternative" approach to sentencing. We first point out that Section 3553 is directed at judges rather than the Sentencing Commission. We do not see how the Guidelines can be "inconsistent" with legislation which is not even directed at the Commission. Nor can Section 3553(a) be read as instructing judges to routinely depart from the Guidelines, for subsection (b) of the same provision instructs the court to impose a sentence within the guideline range unless it finds an aggravating or mitigating circumstance which was not adequately considered by the Commission in formulating the Guidelines. *See* 18 U.S.C. § 3553(b). In short, we find nothing in Section 3553(a) to undercut the validity of the Guidelines.

### Conclusion

For the foregoing reasons, Defendants' Motion to Declare Sentencing Guidelines Unconstitutional on Due Process Grounds is denied.

---

**5.** The only court of appeals yet to consider a challenge to the Guidelines' restrictions on probation came to the same conclusion. *See Unit-* *ed States v. White,* 869 F.2d 822, 827 (5th Cir. 1989).