**UNITED STATES of America, Plaintiff–Appellant,**

v.

**Firooz JALILI, Defendant–Appellee.**

**Nos. 90–1629, 90–1714.**

United States Court of Appeals, Sixth Circuit.

Argued Nov. 16, 1990.

Decided Feb. 5, 1991.

Rehearing Denied March 13, 1991.

---

Stephen T. Robinson, Asst. U.S. Atty. (argued), Office of the U.S. Atty., Detroit, Mich., for plaintiff-appellant.

Michael J. Lavoie (argued), Butzel, Long, Gust, Klein & Van Zile, Detroit, Mich., for defendant-appellee.

Before KEITH and BOGGS, Circuit Judges; and CONTIE, Senior Circuit Judge.

CONTIE, Senior Circuit Judge.

Plaintiff-appellant, the United States, appeals the vacation of the original sentence and resentencing of defendant-appellee, Firooz Jalili, in his conviction for obstruction of a Job Training Partnership Act (JTPA) investigation in violation of 18 U.S.C. § 665(c). For the following reasons, we reverse and remand the case to the district court for reinstatement of the original sentence.

I.

On July 27, 1989, the Federal Grand Jury for the Eastern District of Michigan returned a 17–count indictment against defendant. On count one, defendant was charged with theft of job partnership training act funds in violation of 18 U.S.C. § 665(a); on count two, with obstruction of a JTPA investigation in violation of 18 U.S.C. § 665(c); and on counts three through seventeen, with false statements in violation of 18 U.S.C. § 1001.

On October 10, 1989, the defendant, pursuant to a Rule 11 Plea Agreement, pled guilty to counts one, two, and ten. The maximum penalty under count one was two years imprisonment and a $250,000 fine; under count two, one year imprisonment

and a $100,000 fine; and under count ten, five years imprisonment and a $250,000 fine. The plea agreement called for the remaining charges to be dismissed.

Count two was the only count governed by the United States Sentencing Guidelines (hereinafter, the "Guidelines"), because all counts in the indictment except for count two involved criminal conduct occurring before November 1, 1987, when the Guidelines became applicable. The events in count two occurred from July 11, 1986 to July 18, 1989.

A presentence report was prepared. The Guideline for an 18 U.S.C. § 665(c) offense is found at § 2J1.2, stating that offenses involving an obstruction of justice have a base offense level of 12. For count two, based on an offense level of 12 and on defendant's criminal history category of I (no prior convictions), the guideline range is 10–16 months.

On December 15, 1989, the district court sentenced defendant "to the custody of the United States Bureau of Prisons to be imprisoned for a term of ten months"—the minimum term under the Guidelines. The court also ordered that the defendant serve his ten-month sentence at the Community Treatment Center. On counts one and ten (nonguideline counts), defendant was sentenced to five years probation on each count. The court also ordered defendant to pay $31,002.92 restitution and a $3,000.00 fine.

Shortly after Jalili began serving his sentence on March 27, 1990 at a community treatment center (C.T.C.), he was convicted of four felony counts in a state court proceeding. As a result, in April 1990 the Federal Bureau of Prisons determined defendant was no longer eligible for C.T.C. confinement and undertook to transfer him to a more secure facility.

On April 19, 1990, defendant filed an Emergency Petition for Writ of Habeas Corpus, contending that he was unlawfully restrained and imprisoned contrary to the express terms of the sentence.

On April 19, 1990, the district court conducted a hearing on the petition. The court determined that in its sentencing order of December 15, 1989, it did not have authority to make a binding designation of defendant's place of confinement and the original sentence should be vacated under 28 U.S.C. § 2255 as a sentence "not authorized by law." The court entered an order vacating the sentence, releasing defendant on bond, and scheduled resentencing.

On May 17, 1990, the district court resentenced defendant. The government argued that because defendant's intervening state convictions placed him in a different criminal history category (Category II), the sentencing range under the Guidelines was now 12–18 months and the court was required to sentence defendant on count two to one year imprisonment under Guideline § 5C1.1(f).

The court stated that it was departing downward from the Guidelines' minimum sentence due to the fundamental unfairness of being sentenced to one sentence and then finding out "something entirely different," and because of "mitigating factors as stated in defendant's supplemental sentencing memoranda." The court then sentenced defendant on count two to five years probation with a condition that defendant serve the first six months in a C.T.C. On counts one and ten, defendant was sentenced to five years probation concurrent with count two and ordered to pay $31,002.92 restitution and a $3,000.00 fine.

The government timely filed notices of appeal from the order vacating the original sentence (# 90–1629) and from the sentence imposed upon resentencing (# 90–1714).

## II.

Plaintiff-appellant, the United States, argues that it was error for the district court to vacate its original sentence, because the sentence of ten months imprisonment was a sentence authorized by law and the language purporting to designate the place of confinement as a community treatment center was mere surplusage and does not transform the original sentence into one "imposed in violation of the laws of the United States" that may be vacated under 28 U.S.C. § 2255.

Defendant-appellee, Jalili, argues that the district court lacked jurisdiction to order that the ten-month term of imprisonment be served at a C.T.C., and the district court properly vacated a sentence it did not have jurisdiction to make under 28 U.S.C. § 2255.

We will first determine whether the original sentence was one imposed in violation of the law. Under the United States Sentencing Guidelines, for count two, based on an offense level of 12 and on defendant's criminal history category of I (no prior convictions), the guideline sentencing range is 10–16 months. Because defendant's minimum term of imprisonment (10 months) in the applicable guideline range is more than six months but not more than 10 months, the Guidelines state that "the minimum term may be satisfied by (1) a sentence of imprisonment; or (2) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment."[1] Guideline § 5C1.1(d). On count two, the defendant was not eligible for probation initially because the minimum term under the Guidelines (ten months) is greater than six months. Guideline § 5B1.1(a)(2).

■ Thus, under the Guidelines, in the present case, the district court had a choice between (1) a sentence of imprisonment or (2) a sentence of imprisonment that includes a term of supervised release with community confinement or home detention as a condition of the release provided that at least one-half of the minimum term is satisfied by imprisonment. The original sentencing order of December 15, 1989 states that defendant is committed "to the custody of the United States Bureau of Prisons to be imprisoned for a term of ten months." We find, therefore, that the district court chose the first option—a term of imprisonment.

18 U.S.C. § 3621 states:

*Imprisonment of a convicted person*

(a) COMMITMENT TO CUSTODY OF BUREAU OF PRISONS.—A person who has been sentenced to a term of imprisonment pursuant to the provisions of subchapter D of chapter 227 shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed, or until earlier released for satisfactory behavior pursuant to the provisions of section 3624.

(b) PLACE OF IMPRISONMENT.— The Bureau of Prisons shall designate the place of the prisoner's imprisonment.

Thus, Section 3621(b) gives the Bureau of Prisons the power to designate the place of confinement for anyone sentenced to *a term of imprisonment*. The guideline provision allowing a district judge to substitute community confinement or home detention for imprisonment at first blush seems to run afoul of this provision of the statute. However, we read Guideline § 5C1.1(d), which states that "the minimum term may be satisfied by (1) a sentence of imprisonment; or (2) a sentence of imprisonment that *includes a term of supervised release with a condition* that substitutes community confinement or home detention according to the schedule of § 5C1.1(e)," to mean that community confinement may be included as a condition during the term of supervised release. *See United States v. Jordan,* 734 F.Supp. 687, 688 (E.D.Pa.1990) ("the term 'incarceration' in section 4A1.2(e)(1) refers to imprisonment in a jail or similar correctional facility and does not include residence in a community treatment center").

■ Thus, although in the present case the district judge originally had authority under Guideline § 5C1.1(d) to sentence defendant Jalili to five months in prison followed by five months in community confinement as a term of supervised release, we do not believe that he did so in the original sentencing order of December 15,

---

**1.** Guideline § 5C1.1(e)(2) states that one day of community confinement is equivalent to one day of imprisonment.

1989. Had the district judge wished to impose this sentence, he should have, in the sentencing order, sentenced the defendant to five months in the custody of the Bureau of Prisons followed by five months supervised release with confinement to the community treatment facility as a condition of the supervised release. Instead, the original sentencing order of December 15, 1989 clearly specifies that defendant is "committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of ten months."

We believe that under the applicable guideline range, a term of ten months imprisonment constituted a completely lawful sentence, and that the subsequent statement in the order regarding the place of confinement constituted mere surplusage. The weight of authority indicates that sentencing language designating a facility for imprisonment is considered mere surplusage and does not invalidate a sentence. *United States v. Herb,*[2] 436 F.2d 566, 568 (6th Cir.1971) (per curiam) ("any provision in a judgment that the federal sentence is to run concurrently with a state sentence is legally ineffective as an attempt by the Court to designate the place of confinement ... [and] is not binding on the Attorney General"); *Hamilton v. Salter,* 361 F.2d 579, 581 (4th Cir.1966) (stipulation of concurrent sentence must be ignored as surplusage; it is only a recommendation and not an order of the court) (per curiam); *Bateman v. United States,* 277 F.2d 65, 69–70 (8th Cir.1960) (inclusion of provision designating place of confinement does not render the sentence void because the portion of the sentence which is contrary to law would be treated as surplusage and disregarded); *Montos v. United States,* 261 F.2d 39, 40 (7th Cir.1958) (designation of place of confinement is no part of a judicial sentence and is nothing more than surplusage). For these reasons, we determine that the original sentence of ten months imprisonment was a lawful sentence. The language designating that defendant serve

his ten-month sentence at a community treatment center may be stricken from the order as mere surplusage. *Herb,* 436 F.2d at 568.

### III.

We must next determine whether defendant Jalili had jurisdiction under 28 U.S.C. § 2255 to challenge the Bureau of Prison's designation of facility for this lawful sentence. Defendant Jalili's habeas challenge under 28 U.S.C. § 2255 is to the place of imprisonment, not the fact of conviction. We believe that the district court did not have jurisdiction to hear such a challenge under 28 U.S.C. § 2255. 28 U.S.C. § 2255 states:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In the present case, defendant Jalili is attacking the execution of the sentence, rather than alleging that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose the sentence, or that it was in excess of the maximum authorized by law, or otherwise subject to collateral attack. Because defendant Jalili is challenging the manner in which the sentence was being executed, rather than the validity of the sentence itself, Section 2255 does not apply. *United States v. Hutchings,* 835 F.2d 185, 186 (8th Cir.1987); *Brown v. United States,* 610 F.2d 672, 677 (9th Cir.1980). As stated in *Hutchings,* an attack upon the execution of a sentence is properly cognizable in a 28 U.S.C. § 2241(a) habeas petition. 835 F.2d

---

**2.** Defendant argues that *Herb* stands for the proposition that a district court may strike ineffective or invalid language from a sentence. However, defendant fails to see that *Herb* does not stand for the proposition that the court has the authority to vacate the *entire* sentence as was done in the present case.

at 186. For these reasons, we believe the district court did not have subject matter jurisdiction under 28 U.S.C. § 2255 to vacate the original sentence.

The case at bar is similar to *United States v. Dragna*, 746 F.2d 457, 458 (9th Cir.1984), *cert. denied*, 469 U.S. 1211, 105 S.Ct. 1179, 84 L.Ed.2d 327 (1985), in which the Ninth Circuit stated that a district court cannot attempt to assert authority over the location of confinement by vacating an original sentence and resentencing under Rule 35.

> By attempting to assert authority over the location of confinement, the district court exceeded its jurisdiction under the resentencing statute. While a judge has wide discretion in determining the length and type of sentence, the court has no jurisdiction to select the place where the sentence will be served. Authority to determine place of confinement resides in the executive branch of government, 18 U.S.C. § 4082(a),[3] and is delegated to the Bureau of Prisons. Because the district court was without jurisdiction to reduce Dragna's sentence as it did, reinstatement of the original sentence is appropriate.

*Id.* at 458 (citations omitted). In the present case by vacating the original sentence of ten months imprisonment and resentencing defendant to probation, the district court erroneously attempted to assert authority over the location of confinement.

■ Although it may seem somewhat pedantic to make this case turn on how the district judge chose to fill out the sentencing form, we believe it is necessary that a district judge make it clear when he or she means to invoke the provisions of Guideline § 5C1.1(d), allowing supervised release with confinement to a community treatment facility as a condition of the supervised release for offenders with relatively low guideline ranges. This guideline option must be clearly distinguished from a term of imprisonment because under present law a district judge does not have power to designate the place of confinement for a term of imprisonment. Although the intentions of the district judge

may have been thwarted by the wording of his original sentencing order of December 15, 1989, it is improper to use collateral attack as a mechanism for ensuring that a judge's expectations are carried out. *See United States v. Addonizio*, 442 U.S. 178, 190, 99 S.Ct. 2235, 2243, 60 L.Ed.2d 805 (1979) (a federal prisoner's allegation that a post sentencing change in the policies of the U.S. Parole Commission has prolonged his actual imprisonment beyond the period intended by the sentencing judge will not support a collateral attack of the original sentence under 28 U.S.C. § 2255). For these reasons, it was error for the district judge to vacate the original sentence and resentence defendant.

### IV.

To conclude, the decision of the district court is hereby REVERSED. This case is remanded to the district court with instructions to vacate the sentencing order of May 17, 1990, and to reinstate the original sentence of December 15, 1989. The original sentence of ten months imprisonment is not in violation of the law. The designation of the place of confinement for defendant's ten-month term of imprisonment is to be determined by the Bureau of Prisons.

---

**3.** 18 U.S.C. § 3621 has replaced 18 U.S.C. § 4082(a).