941 F.2d 1210
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Marvin BENNETT, Jr., Defendant-Appellant.
 No. 90-6136.
 United States Court of Appeals, Sixth Circuit.
 Aug. 14, 1991.
 
 Before KRUPANSKY and BOGGS, Circuit Judges, and ENGEL, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 The defendant in this case, Marvin Bennett, pled guilty to conspiracy to distribute stolen goods in interstate commerce. His Guideline range was from 8-14 months of imprisonment. Bennett asked that the district court sentence him to a sentence of "straight" probation, but the trial court properly refused to do so. U.S.S.G. § 5B.1.1(a) allows "straight probation" only where the minimum term is six months of imprisonment or less. Nonetheless, under the provisions of U.S.S.G. § 5C1.1(d), the court could have sentenced the defendant to a sentence including a term of probation, so long as he served at least half of the minimum term in actual imprisonment. See also, United States v. Jalili, 925 F.2d 889 (6th Cir.1991).
 
 
 2
 Bennett claims, however, that the Guideline provisions that preclude a sentence of straight probation (unless a downward departure is justified) violate 18 U.S.C. § 3561. Section 3561 provides that a defendant "may be sentenced to a term of probation unless" certain conditions apply. It is clear here that the conditions do not apply. Accordingly, Bennett argues that, as a matter of law, probation is an available sentence for his infraction.
 
 
 3
 The defendant would, in effect, require us to read § 3561 to provide that probation must always be available except where the statute specifically forbids a sentence of probation. We do not find his reading of § 3561 persuasive. Under Bennett's reading of the statute, the Sentencing Commission would have been left no room to exercise its delegated authority in this area. Bennett's reading would therefore create a conflict with 28 U.S.C. § 994(a)(1)(A), which gives the Sentencing Commission discretion to specify the appropriate sentence for particular crimes, including fine, imprisonment, or probation. Where possible, we interpret statutory provisions to be in harmony rather than in tension with each other. Thus, we believe that the purpose of § 3561 is to rule out probation in certain cases rather than to require probation in every case where the conditions under which it is ruled out do not apply.
 
 
 4
 The better interpretation is that § 3561 is simply silent as to when probation may be granted in those cases where it is permitted. The Guidelines then provide the necessary guidance. Every court that we are aware of that has addressed this issue has reached a similar conclusion. See United States v. White, 868 F.2d 822 (5th Cir.1989), cert. denied, 109 S.Ct. 3172 (1990); United States v. Belgard, 894 F.2d 1092 (9th Cir.), cert. denied, 111 S.Ct. 164 (1990); United States v. Hallemeier, 715 F.Supp. 203 (N.D.Ill.1989).
 
 
 5
 Accordingly, Bennett's sentence is AFFIRMED.