979 F.2d 851
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Wendell L. PROWSE, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-1739.
 United States Court of Appeals, Sixth Circuit.
 Nov. 17, 1992.
 
 Before NATHANIEL R. JONES and RYAN, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Wendell L. Prowse, a pro se federal prisoner, appeals the district court's order dismissing without prejudice his petition for a writ of habeas corpus filed under 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Prowse was convicted in August 1983 in the United States District Court for the Western District of Michigan of mailing a threatening communication in violation of 18 U.S.C. § 876. The district court sentenced him to 25 years imprisonment. In his habeas petition, filed in the United States District Court for the Eastern District of Michigan, Prowse raised a number of grounds for relief, all of which attacked the legality or constitutionality of his criminal conviction. The district court summarily dismissed Prowse's petition in an order filed April 22, 1992, because the petition should have been brought under 28 U.S.C. § 2255 in the district court that sentenced him. This dismissal was without prejudice to Prowse's right to file a motion to vacate sentence under 28 U.S.C. § 2255 in the United States District Court for the Western District of Michigan.
 
 
 3
 On appeal, Prowse renews his claims of due process violation, ineffective assistance of counsel, and illegal indictment. He requests the appointment of counsel and a transcript at government expense in his brief.
 
 
 4
 Upon review, we affirm the district court's order. A federal prisoner's challenge to the legality and/or constitutionality of his sentence must be brought as a motion to vacate under § 2255 in the district court which imposed the sentence. See Cohen v. United States, 593 F.2d 766, 770-71 (6th Cir.1979). In contrast, a petition for a writ of habeas corpus under § 2241 is proper only to attack the execution of the federal sentence, and must be filed in the district court having jurisdiction over the prisoner's custodian. See United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir.1991). Prowse's petition attacks the constitutionality of his conviction, not the execution of his sentence. Thus, the district court did not err in summarily dismissing Prowse's petition without prejudice because it lacked jurisdiction over the claims presented.
 
 
 5
 Accordingly, we deny the requests for counsel and a free transcript. The district court's order, filed April 22, 1992, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.