47 F.3d 1169
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Thomas L. MERCER, Plaintiff-Appellant,
v.
U.S. PAROLE COMMISSION, Defendant-Appellee.
 No. 94-5880.
 United States Court of Appeals, Sixth Circuit.
 Feb. 1, 1995.
 
 1
 Before: KEITH and NELSON, Circuit Judges, and HORTON, District Judge.*
 
 ORDER
 
 2
 Thomas L. Mercer, pro se, appeals a district court order denying his petition for a writ of habeas corpus which he filed under 28 U.S.C. Sec. 2241. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In October of 1989, Mercer was sentenced to three years in prison for bank fraud. He was released on parole in January of 1991, with a parole expiration date of October 25, 1992. However, on May 14, 1992, he was arrested by authorities in Detroit, Michigan, and charged with attempt to obtain money by false pretenses, in violation of state law. On the basis of this charge, Mercer's probation officer filed a parole violation report on September 14, 1992.
 
 
 4
 On September 18, 1992, the Parole Commission issued a parole violator's warrant and forwarded the warrant to Mercer's probation officer, with instructions to hold the warrant in abeyance pending final resolution of the false pretenses charge in the Michigan state courts. On March 31, 1993, Mercer was convicted of that charge. On the basis of this conviction, the Parole Commission issued a supplemental parole violator's warrant, on May 25, 1993, noting the conviction rather than the charge of attempt to obtain money by false pretenses. The United States Marshals Service was then instructed to execute the warrant. The warrant was executed on August 2, 1993, and Mercer was taken into federal custody. Mercer received a parole revocation hearing on October 27, 1993, and, on November 5, 1993, the Commission decided that Mercer's parole should be revoked. Mercer then had a presumptive parole date of August 1, 1994.
 
 
 5
 Mercer filed his petition arguing that the parole violator warrant was invalid because it was not properly issued. The district court determined that the Commission retained jurisdiction over Mercer at the time the warrant was executed and at the time Mercer was taken into federal custody. Thus, the district court denied Mercer's petition. On appeal, Mercer raises the same substantive arguments that he presented in district court. Mercer also requests the appointment of counsel.
 
 
 6
 Because Mercer is attacking the execution of his sentence by challenging the computation of his parole, he has properly filed a petition for a writ of habeas corpus in the district court having jurisdiction over his custodian at the time he filed his petition. 28 U.S.C. Sec. 2241; United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir.1991). This court's review of a decision by the Parole Commission is limited to a determination that a rational basis existed for the Commission's conclusions. Hackett v. United States Parole Comm'n, 851 F.2d 127, 129-30 (6th Cir.1987) (per curiam). Neither the Parole Commission's findings of fact nor credibility determinations are subject to review by this court. Kimberlin v. White, 7 F.3d 527, 533 (6th Cir.1993).
 
 
 7
 Effective September 1, 1992, the United States Parole Commission adopted a new policy, whereby it now mails warrants to be held in abeyance to the local probation offices for future delivery to the Marshals Service after the Commission determines that it wants the warrants to be executed. The implementation of this new policy in Mercer's case did not affect or prejudice Mercer, because, under 28 U.S.C. Sec. 2.44(d), the issuance of the warrant still operated to bar the expiration of Mercer's sentence. Moreover, Mercer was not detained on the warrant until final resolution of the new criminal charges against him; the warrant was not executed until Mercer was convicted on those charges, approximately one year later. The Commission retained jurisdiction over Mercer when it supplemented the initial warrant, executed the warrant on August 2, 1993, and revoked Mercer's parole. Thus, Mercer's current custody is valid.
 
 
 8
 Accordingly, Mercer's request for the appointment of counsel is denied, and the district court's order denying Mercer's petition for a writ of habeas corpus is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Odell Horton, United States District Judge for the Western District of Tennessee, sitting by designation