50 F.3d 11
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David WATTS, Petitioner-Appellant,
v.
J.B. BOGAN, Respondent-Appellee.
 No. 94-1973.
 United States Court of Appeals, Sixth Circuit.
 March 14, 1995.
 
 Before: KENNEDY, KRUPANSKY and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 David Watts, pro se, appeals a district court judgment dismissing his petition for a writ of habeas corpus which he filed under 28 U.S.C. Sec. 2241. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1981, Watts was convicted in Michigan state court of manslaughter and was sentenced to 3-15 years in prison. In 1988, he was released on parole. Subsequently, Watts pleaded guilty to the federal offense of felon in possession of a firearm. For that conviction, he received a federal prison term of 21 months and an additional term of 3 years supervised release. In July of 1990, he was arrested for violating the conditions of his state parole term and, again, taken into state custody. In 1991, he was re-released on state parole, but recommenced serving his federal term at that time. In 1992 and in 1993, his supervised release terms were modified to include mental health treatment and community service. In 1993, however, he was arrested based on violations of the conditions of his supervised release and subsequently received an additional federal prison term of 12 months for those violations.
 
 
 3
 In his petition for habeas relief, Watts challenged the modification of the terms of his federal supervised release and sought credit on his federal sentence for the time he spent in state custody. The district court determined that Watts had failed to exhaust his administrative remedies before filing his federal petition. The district court also concluded that, to the extent Watts was challenging the validity of his conviction for violating the terms of his supervised release, the more appropriate remedy would be via a motion to vacate his sentence pursuant to 28 U.S.C. Sec. 2255. Consequently, the district court dismissed the petition by order entered August 15, 1994.
 
 
 4
 On appeal, Watts argues that there is no requirement that he exhaust his remedies because his administrative remedies are inadequate. Watts has also filed a motion to dismiss his petition pursuant to Sixth Circuit Rule 8(a). However, this court concludes that it has jurisdiction to review the district court's decision, and this motion lacks merit.
 
 
 5
 To the extent that Watts attacking the execution of his sentence by challenging the computation of his sentencing credit toward his federal sentence, he has properly filed a petition for a writ of habeas corpus under 28 U.S.C. Sec. 2241 in the district court having jurisdiction over his custodian. United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir.1991). However, as the district court noted, a federal prisoner must first exhaust his available remedies before filing a Sec. 2241 suit. Smith v. Thompson, 937 F.2d 217, 219 (5th Cir.1991); Little v. Hopkins, 638 F.2d 953, 954 (6th Cir.1981) (per curiam).
 
 
 6
 It is clear from the record that Watts has not yet exhausted all of his administrative remedies, and there is no evidence to support his allegation that his remedies would be inadequate at this time. To the extent that Watts is challenging the modification of his supervised release term, the district court properly concluded that his remedy is by way of a motion to vacate his sentence under 28 U.S.C. Sec. 2255. Cohen v. United States, 593 F.2d 766, 770 (6th Cir.1979). See also Jalili, 925 F.2d at 893.
 
 
 7
 Accordingly, Watts's motion to dismiss is denied, and the district court's order dismissing the petition for a writ of habeas corpus is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.