50 F.3d 10
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Patrick ORES, Petitioner-Appellant,
v.
WARDEN, FCI TEXARKANA, Respondent-Appellee.
 No. 94-5234.
 United States Court of Appeals, Sixth Circuit.
 March 16, 1995.
 
 1
 Before: KENNEDY and NORRIS, Circuit Judges, and TAYLOR, District Judge.*
 
 
 2
 Patrick Ores, a pro se federal prisoner, appeals a district court judgment dismissing his motion for credit for time served which the court construed to be filed pursuant to 28 U.S.C. Sec. 2241. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In July 1992, Ores pleaded guilty to possession with intent to distribute dilaudil in violation of 21 U.S.C. Sec. 841, and was sentenced to 38 months of imprisonment. Ores did not appeal his conviction or sentence.
 
 
 4
 Thereafter, Ores filed a motion to vacate sentence purportedly under 28 U.S.C. Sec. 2255, requesting the district court to award him credit for time he spent in federal custody prior to the date he commenced serving his sentence. After construing Ores's motion as a habeas petition filed under 28 U.S.C. Sec. 2241, the district court dismissed the petition for lack of jurisdiction. The district court also declined to transfer the case as Ores had not exhausted his administrative remedies.
 
 
 5
 On appeal, Ores argues that the district court should have construed his motion as a motion to vacate his sentence and as raising the following issues: 1) the sentencing court improperly denied him a downward departure for diminished capacity; 2) his conviction is in violation of the Double Jeopardy Clause because both the state and the federal government prosecuted him for the same offense; 3) counsel rendered ineffective assistance; and 4) he was denied access to the courts.
 
 
 6
 Upon review, we affirm the district court's judgment dismissing Ores's motion for credit for time served. The district court properly construed Ores's motion as a petition seeking habeas corpus relief pursuant to 28 U.S.C. Sec. 2241 as he sought to attack the execution of his sentence by challenging the computation of his sentencing credit. See United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir.1991). He cannot transform the motion into one challenging his conviction and sentence by raising such arguments for the first time on appeal. The district court also properly dismissed the case for lack of jurisdiction as it did not have custodial jurisdiction over the petitioner. Id. Ores is confined in the Federal Correctional Institution in Texarkana, Texas; and, thus, his petition should have been filed in the United States District Court for the Eastern District of Texas. The district court also did not abuse its discretion in refusing to transfer the case given Ores's failure to exhaust his administrative remedies. See Phelps v. McClellan, 30 F.3d 658, 663 (6th Cir.1994). Exhaustion of administrative remedies within the Bureau of Prisons is a prerequisite to seeking review of the Bureau of Prison's calculation of an inmate's release date. See United States v. Westmoreland, 974 F.2d 736, 737-38 (6th Cir.1992), cert. denied, 113 S.Ct. 1818 (1993); Smith v. Thompson, 937 F.2d 217, 219 (5th Cir.1991); Davis v. Keohane, 835 F.2d 1147, 1148 (6th Cir.1987) (per curiam). Furthermore, a court cannot compute sentence credits under 18 U.S.C. Sec. 3585(b), as that task is reserved for the Attorney General. United States v. Wilson, 112 S.Ct. 1351, 1354 (1992).
 
 
 7
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Anna Diggs Taylor, United States District Judge for the Eastern District of Michigan, sitting by designation