76 F.3d 379
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael L. JOHNSON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-5788.
 United States Court of Appeals, Sixth Circuit.
 Feb. 5, 1996.
 
 1
 Before: NELSON and BATCHELDER, Circuit Judges, and KATZ, District Judge.*
 
 ORDER
 
 2
 Michael L. Johnson appeals pro se from a district court judgment that denied a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Johnson pleaded guilty to making and possessing an unregistered destructive device, in violation of 26 U.S.C. § 5861. On December 20, 1993, the district court sentenced him to 37 months of imprisonment and three years of supervised release. This court affirmed Johnson's conviction and sentence on direct appeal.
 
 
 4
 In his § 2255 motion, Johnson alleged: 1) that his confession was not credible because he was mentally unstable; 2) that the complete recording of his confession was not played at sentencing; 3) that his conviction was based on incomplete psychiatric records; 4) that defense counsel was ineffective; 5) that the prosecution withheld favorable evidence; 6) that defense counsel collaborated with the prosecution in omitting parts of his medical record; 7) that his presentence investigation report was incomplete; 8) that appellate counsel would not "enter" his medical evidence; and 9) that he should have been incarcerated in a medical center, rather than a regular prison. The district court denied Johnson's motion to vacate as frivolous, on April 27, 1995. Johnson's motion for reconsideration was denied on May 23, 1995, and he now appeals.
 
 
 5
 The denial of a § 2255 motion is reviewed de novo on appeal, although the district court's factual findings will be accepted as true unless they are clearly erroneous. Gall v. United States, 21 F.3d 107, 109 (6th Cir.1994). Moreover, even an error of constitutional dimensions may be considered to be harmless if it did not have "a substantial and injurious effect or influence" on the proceedings. See Brecht v. Abrahamson, 113 S.Ct. 1710, 1722 (1993). The denial of Johnson's motion was proper under these standards.
 
 
 6
 In his initial brief, Johnson did not argue that his confession was incredible, that his confession was inaccurately represented at sentencing, that his presentence investigation report was incomplete or that counsel was ineffective on appeal. He has, therefore, abandoned his first, second, seventh and eighth claims for purposes of appellate review. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992); Wright v. Holbrook, 794 F.2d 1152, 1156-57 (6th Cir.1986).
 
 
 7
 All of Johnson's claims were premised on his assertion that a complete record of his pretrial psychiatric evaluation had not been presented to the trial court. However, a review of the record shows that this report was filed under seal, several months before Johnson's rearraignment and sentencing. Thus, Johnson's fourth, fifth and sixth claims are unavailing, as his psychiatric evaluation was clearly not withheld from the court.
 
 
 8
 The psychiatric examiners reported that Johnson was competent to stand trial, that his confession did not reveal any symptoms of mental illness and that he was able to appreciate the wrongfulness of his acts when the offense occurred. Defense counsel stipulated that Johnson was competent to enter his guilty plea, and the district court made an independent finding that Johnson was competent after questioning him at his rearraignment. Under these circumstances, Johnson's third claim also lacks merit, as it is clear that the court carefully considered Johnson's mental condition before accepting his plea.
 
 
 9
 In his sole remaining claim, Johnson alleged that he should have been incarcerated at a medical center and that his incarceration in a "normal institution" has resulted in unwarranted disciplinary actions including the loss of good time. This claim involves the conditions of Johnson's confinement rather than the validity of his conviction or sentence. Hence, Johnson's ninth claim was also properly dismissed, as it is not cognizable under § 2255. See United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir.1991).
 
 
 10
 Finally, we note that Johnson now argues that he was coerced into signing a plea agreement and that he was not aware that his sentence would be calculated by cross-reference to the sentencing guidelines provision for arson. He also argues that two letters were improperly admitted as evidence and that the trial judge was biased. However, we will not consider these claims on appeal, as they were not raised in Johnson's § 2255 motion in the district court. See Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993).
 
 
 11
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable David A. Katz, United States District Judge for the Northern District of Ohio, sitting by destination