89 F.3d 836
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Roy GRIFFITH, Defendant-Appellant.
 No. 95-1748.
 United States Court of Appeals, Sixth Circuit.
 June 10, 1996.
 
 1
 Before: KENNEDY and BOGGS, Circuit Judges; RUSSELL, District Judge.*
 
 ORDER
 
 2
 This is an appeal from a judgment denying a motion to correct, modify or vacate sentence, filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1985, Roy Griffith was convicted of operating a continuing criminal enterprise, in violation of 21 U.S.C. § 848, and was given a 10 year sentence. A panel of this court affirmed his conviction on direct appeal. United States v. Griffith, 756 F.2d 1244 (6th Cir.), cert. denied, 474 U.S. 837 (1985). Griffith was released on bond after his conviction and subsequently jumped bond in 1985 just before the announcement of this court's decision. A contemporaneous warrant was issued for his arrest.
 
 
 4
 Griffith was finally apprehended in 1991 and charged with failing to surrender for service of sentence, in violation of 18 U.S.C. § 3146. Griffith later entered a plea of guilty to the charge and received a 4 year sentence. He did not take a direct appeal from this conviction.
 
 
 5
 In 1994, Griffith filed a § 2255 motion to correct sentence. A series of responsive pleadings ensued after which the district court summarily denied the motion. This appeal followed. The parties have briefed the issues; Griffith is proceeding without benefit of counsel.
 
 
 6
 Griffith pleaded guilty in 1991 to failing to report for sentencing in 1985. The plea was accepted and a pre-sentence report was prepared. Neither Griffith nor his attorney expressed any reservations about the report and the court proceeded to sentence Griffith to a 4 year term of imprisonment to be served consecutive to the underlying 10 year term originally imposed. The court did not impose a period of supervised release or indicate in any other way that Griffith was being sentenced under the guidelines.
 
 
 7
 Griffith first filed the present motion to correct sentence in 1994. In it, he refers to an unattached Bureau of Prisons worksheet in which Griffith's sentencing range is apparently characterized as being in the 6-12 month range. Griffith notes that, as he was sentenced to a 4 year term, the district court's failure to articulate its reasons for an upward departure from this range was error. A far more definite statement of the central theory behind Griffith's motion for relief is set forth in the pleading filed through counsel styled "Defendant's reply to Plaintiff's response to motion to correct sentence."
 
 
 8
 Mr. Griffith is currently incarcerated at the Lompoc Facility in California. That facility is calculating the failure to surrender for service of sentence based on the Sentencing Reform Act of 1984. The facility is not crediting Mr. Griffith with good time nor does the facility consider parole to be applicable. The government is asking to have it both ways. It is the prosecutor's position that the sentencing guidelines are not applicable; however, the Bureau of Prisons is calculating Mr. Griffith's release date based upon the sentencing guidelines!
 
 
 9
 The government responded that, as it was now clear that Griffith's chief concern was with the calculation of his release date, the proper remedy was in a separate administrative proceeding to review the action of the Bureau of Prisons. The district court subsequently adopted the reasoning of this latter pleading in denying the relief sought under § 2255.
 
 
 10
 Griffith's appeal lacks merit under any construction of his motion for relief. It is first noted that Griffith's motion, at its core, does indeed appear first and foremost to be an attempt to alter an internal release decision made by the Bureau of Prisons. A request for relief from the execution, rather than the imposition, of a sentence is properly brought under 28 U.S.C. § 2241. United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir.1991). Exhaustion of administrative remedies within the Bureau of prisons is a prerequisite to seeking review of the Bureau's calculation of an inmate's release date. See, e.g., United States v. Westmoreland, 974 F.2d 736, 737-38 (6th Cir.1992), cert. denied, 507 U.S. 1019 (1993). Griffith's pleadings do not reflect that he has exhausted his administrative remedies in this regard and, even if this were so, the Eastern District of Michigan is not the proper venue to file a § 2241 motion for one incarcerated in Lompoc, California. This is the grounds upon which the district court relied and it is ample authority to reject this appeal.
 
 
 11
 The motion lacks merit even if it is construed as a bona fide collateral challenge to a guideline sentencing decision. If so, the recent opinion in Grant v. United States, 72 F.3d 503 (6th Cir.1996), completely supports the district court's decision to deny the motion.
 
 
 12
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas B. Russell, United States District Judge for the Western District of Kentucky, sitting by designation