108 F.3d 1376
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Boyer A. BRACY, Petitioner-Appellant,
v.
Joseph BOGAN, Respondent-Appellee.
 No. 96-1685.
 United States Court of Appeals, Sixth Circuit.
 March 20, 1997.
 
 E.D.Mich., No. 94-10351; Robert H. Cleland, Judge.
 E.D.Mich.
 AFFIRMED.
 Before: KENNEDY, CONTIE, and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Boyer A. Bracy, a pro se federal prisoner, appeals a district court order denying his petition for a writ of habeas corpus which he filed pursuant to 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Bracy's petition concerns a 15-year sentence that he received in 1976 for importing, possessing, and conspiracy to possess a controlled substance. Bracy claimed that his mandatory release date for this sentence was extended from June 4, 1997, to December 3, 1998, in violation of his due process rights.
 
 
 3
 A magistrate judge recommended denying the petition because Bracy had not exhausted his administrative remedies and, in the alternative, because there was no merit to Bracy's due process argument. The district court rejected the magistrate judge's report to the extent it recommended denying the petition for lack of exhaustion. However, the court adopted the report to the extent the magistrate judge rejected the petition on the merits. The district court denied as untimely the petitioner's subsequent motion to reconsider this decision.
 
 
 4
 On appeal, Bracy repeats the merits of his claim and argues that the district court erroneously denied his motion for reconsideration as untimely. The respondent concedes, on appeal, that the district court improperly rejected Bracy's motion for reconsideration as untimely under its Local Rule 7.1(h)(1). However, this error was harmless, as there is no merit to Bracy's arguments that he was denied due process and that his release date should not have been changed.
 
 
 5
 Bracy properly brought this action under § 2241, because he seeks to attack the computation of his parole and sentencing credit. United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir.1991); Fields v. Keohane, 954 F.2d 945, 949 (3d Cir.1992). This court reviews the Parole Commission's decisions only to determine whether a rational basis existed for the Commission's conclusions. Kimberlin v. White, 7 F.3d 527, 533 (6th Cir.1993). In cases involving habeas relief, appellate review of the Parole Commission's decisions are limited to constitutional or other legal challenges. Lynott v. Story, 929 F.2d 228, 229 n. 1 (6th Cir.1991).
 
 
 6
 The record reveals that a rational basis existed for the Commission's decision to change Bracy's release date from 1997 to 1998. The Commission has broad statutory authority to grant, deny, modify or revoke any order paroling an eligible prisoner, and that tribunal is the only one possessing this power. 18 U.S.C.A. §§ 4161, 4201, 4203(b)(1), 4203(b)(3) (repealed 1984, effective November 1, 1987) (West Supp.1996); Bridge v. United States Parole Comm'n, 981 F.2d 97, 104 (3d Cir.1992). In this case, the Parole Commission could reopen its parole decision at any time prior to Bracy's release, after the Commission received new and significant information adversely affecting the timing of Bracy's scheduled release date, even if the new information was in existence, if it was not considered when the initial parole decision was made. 28 C.F.R. § 2.28(f) (1996); Bridge, 981 F.2d at 104; Goble v. Matthews, 814 F.2d 1104, 1108 (6th Cir.1987).
 
 
 7
 Contrary to his argument, Bracy has not been forced to serve his time unconstitutionally, in "installments." The government has not delayed the expiration of Bracy's sentence, either by postponing its commencement, or by releasing Bracy for a time and then reimprisoning him. United States v. Melody, 863 F.2d 499, 504 (7th Cir.1988). Lastly, there is no legal support for Bracy's argument that the parole statutes created a liberty interest in his initial release date.
 
 
 8
 Accordingly, the district court order denying the petition for a writ of habeas corpus is affirmed, and Bracy's motions for an expedited appeal are denied as moot. Rule 9(b)(3), Rules of the Sixth Circuit.