**John E. WINSTON, Petitioner–Appellant,**

v.

**George E. SNYDER, Warden Respondent–Appellee.**

No. 02–5721.

United States Court of Appeals, Sixth Circuit.

Feb. 6, 2003.

Before GILMAN and GIBBONS, Circuit Judges; and POLSTER, District Judge.*

* The Honorable Dan A. Polster, United States District Judge for the Northern District of Ohio, sitting by designation.

*ORDER*

John E. Winston, a federal prisoner, appeals pro se a district court order dismissing his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Winston was convicted following a 1989 jury trial of conspiracy to distribute cocaine and crack, distribution of crack, and three counts of distribution of crack within 1000 feet of a school. He was sentenced to 365 months of imprisonment and ten years of supervised release. His conviction and sentence were affirmed on direct appeal. In 1991, his motion to vacate sentence under 28 U.S.C. § 2255 was denied, and in 2001, his motion for an order authorizing a second motion to vacate was denied. Winston then filed this action in the district where he is incarcerated, arguing that he was entitled to habeas relief because his indictment did not state an amount of drugs and no amount of drugs was found by the jury, in violation of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). He also argued that the prosecution had withheld information that could have been used to impeach an informant, i.e., the informant's full criminal history, pending charges against him, and payment he received from an F.B.I. agent. Winston argued that he had recently become aware of this information from a co-defendant's collateral attack on his conviction.

The district court dismissed the petition. On appeal, Winston reasserts the claims raised below, and contends that § 2241 is

the proper remedy in his case because he is raising claims arising from events which occurred after his sentencing.

A petition for habeas corpus relief under 28 U.S.C. § 2241 is the proper method for attacking the execution of a sentence, not the validity of a conviction. *United States v. Jalili,* 925 F.2d 889, 893–94 (6th Cir. 1991). In order to file a petition under § 2241 that attacks a conviction, it must be demonstrated that the remedy of a § 2255 motion to vacate sentence is inadequate or ineffective. *Charles v. Chandler,* 180 F.3d 753, 755–56 (6th Cir.1999). In order to show that § 2255 is inadequate or ineffective, it is not enough to argue, as Winston has done in this case, that a § 2255 motion would be time-barred; it must also be shown that a claim of actual innocence is presented. *United States v. Peterman,* 249 F.3d 458, 461 (6th Cir.), *cert. denied* 534 U.S. 1008, 122 S.Ct. 493, 151 L.Ed.2d 404 (2001). The petition in this case did not meet this standard and was therefore properly dismissed.

Winston's argument on appeal that he is raising claims regarding events which occurred after his sentencing, and therefore § 2241 is the appropriate remedy, is without merit. The claims Winston is raising concern events prior to his sentencing: the alleged withholding of information by the prosecution which could have been used to impeach the informant, and the failure to include a drug amount in his indictment or to have the jury determine a drug amount. Moreover, the holding in *Apprendi* is not retroactively applied to cases on collateral review. *In re Clemmons,* 259 F.3d 489, 492–93 (6th Cir.2001).

For all of the above reasons, the dismissal of this petition is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.