Charles Vincent USHERY, Petitioner–Appellant,

v.

George E. SNYDER, Warden; United States of America, Respondents–Appellees.

No. 02–6237.

United States Court of Appeals, Sixth Circuit.

Aug. 12, 2003.

Before BATCHELDER and ROGERS, Circuit Judges; and RUSSELL, District Judge.*

---

* The Honorable Thomas B. Russell, United States District Judge for the Western District

## ORDER

Charles Vincent Ushery, a federal prisoner, appeals pro se a district court judgment dismissing his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Ushery was convicted following a jury trial of conspiracy to possess with intent to distribute cocaine and possession with intent to distribute cocaine; he was sentenced to 360 months of imprisonment. His conviction was upheld on direct appeal. *United States v. Ushery*, 968 F.2d 575 (6th Cir.1992). A motion to vacate sentence was denied, and affirmed by this court in Case No. 96–5982. A motion for an order authorizing a second motion to vacate was denied by this court in Case No. 01–5609.

Ushery then filed this action under 28 U.S.C. § 2241, raising claims that the jury should have determined the amount of drugs involved, his role as an organizer, and the use of a firearm; that the district court had improperly delegated the factfinding sentencing hearing to a magistrate judge; that he received an improper six-level increase for relevant conduct; that the government had not given notice of its intent to use two prior convictions in calculating the sentence; and that his counsel

of Kentucky, sitting by designation.

was ineffective. The district court dismissed the petition sua sponte, concluding that the claims raised could not be addressed in a § 2241 petition. On appeal, Ushery has narrowed his claims to two: the magistrate judge was not authorized to conduct the sentencing evidentiary hearing; and the jury was required to determine drug quantity.

An action under § 2241 is reserved for challenges to the execution of a sentence, not the validity of a sentence. *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir.1991). In order to utilize § 2241 as a way of circumventing the restrictions on untimely and successive motions to vacate under 28 U.S.C. § 2255, a federal prisoner must make a claim of actual innocence. *Charles v. Chandler*, 180 F.3d 753, 757 (6th Cir.1999). The claims presented in this case do not meet this standard.

Because the district court properly concluded that the claims presented here were not amenable to review under 28 U.S.C. § 2241, the dismissal of the petition is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.