**Dennis L. DUNNING, Petitioner–
Appellant,**

v.

**Marvin D. MORRISON, Warden,
Respondent–Appellee.**

No. 01–6039.

United States Court of Appeals,
Sixth Circuit.

Jan. 27, 2003.

Before BATCHELDER, MOORE, and CLAY, Circuit Judges.

### ORDER

Dennis L. Dunning appeals a district court judgment dismissing his petition for

habeas corpus relief filed pursuant to 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1995, Dunning pleaded guilty to possession of cocaine with the intent to distribute. He was sentenced to 188 months of imprisonment. The conviction was affirmed on appeal. Thereafter, Dunning filed his first 28 U.S.C. § 2255 motion to vacate. The district court denied the motion.

In May 2000, Dunning filed a petition for habeas corpus relief under § 2241 seeking to overturn his conviction and sentence, arguing that he was actually innocent because the police violated his Fourth Amendment rights. The district court transferred the petition, construing it as a second motion for relief under § 2255, thus requiring this court's authorization for filing. This court found the transfer improper, holding that Dunning was entitled to a ruling on the merits of his § 2241 petition.

On remand, the district court found that venue for the petition was improper. However, the court addressed the merits of the petition and concluded that Dunning's petition did not warrant relief under § 2241. Therefore, the district court dismissed the petition as meritless.

In his timely appeal, Dunning contends that the district court erred in stating that it lacked jurisdiction over the case, that it failed to make a ruling on the merits of his Fourth Amendment argument, and that it should have considered his ineffective assistance of counsel argument.

The district court's judgment is reviewed de novo. *See Charles v. Chandler,* 180 F.3d 753, 755 (6th Cir.1999).

The district court properly dismissed Dunning's petition. Under highly exceptional circumstances, a federal prisoner may challenge his conviction and imposition of sentence under § 2241, instead of § 2255, if he is able to establish that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *Id.* at 755–56. It is the prisoner's burden to prove that his remedy under § 2255 is inadequate or ineffective. *Id.* at 756.

*Charles* concluded that the courts have permitted prisoners to submit claims of actual innocence that would otherwise have been barred under § 2255. *Id.* at 756–57. Because the petitioner had failed to submit a facially valid claim of actual innocence in *Charles,* the court withheld judgment as to whether a claim of actual innocence would permit a petitioner to have a second opportunity for § 2255 relief. *Id.* at 757.

█ Dunning has not satisfied this burden for two reasons. First, Dunning does not cite to an intervening change in the law which reflects that he may be actually innocent of his crimes. Unlike other prisoners who have obtained review of their claims because they did not have a prior opportunity to present their claims on appeal or in a prior § 2255 motion to vacate, Dunning has had opportunities to challenge his conviction and sentence. The district court properly dismissed Dunning's § 2241 petition because his asserted claims do not constitute claims of actual innocence. *Id.*

█ Second, Dunning's remedy under § 2255 is not rendered deficient for any other reason under the circumstances of this case. As the court explained in *Charles,* the remedy under § 2255 is not rendered inadequate or ineffective simply because the prisoner has been denied relief under § 2255, because the prisoner may be denied permission to file a second

or successive motion to vacate, or because the prisoner has allowed the one-year statute of limitations to expire. *Id.* at 756–58. The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. *Id.* at 758.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.