Kenneth E. COOK, Petitioner–
Appellant,

v.

Randy J. DAVIS, Respondent–Appellee.

No. 02–6140.

United States Court of Appeals,
Sixth Circuit.

April 15, 2003.

* The Honorable Jennifer B. Coffman, United
States District Judge for the Eastern District

Before: CLAY and ROGERS, Circuit
Judges; and COFFMAN, District Judge.*

*ORDER*

Kenneth E. Cook, a federal prisoner, appeals a district court order dismissing his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1997, Cook entered a guilty plea to charges of possession with intent to distribute cocaine base, and using or carrying a firearm in relation to a drug trafficking crime. He was sentenced to 195 months of imprisonment. No direct appeal was filed. In 1998, his motion to vacate sentence pursuant to 28 U.S.C. § 2255 was denied, and he did not appeal from that decision. In 2002, Cook filed this federal habeas corpus action, arguing that he was actually innocent of the charge of using or carrying a firearm in relation to a drug trafficking crime, and that he had been subjected to an illegal search. The district court dismissed the petition, noting that it should have been filed in the Eastern District of Tennessee, where Cook was incarcerated, rather than in the Western District, where he had been convicted. Moreover, the district court judge noted that essentially the same claims had been raised and rejected in the prior § 2255

of Kentucky, sitting by designation.

motion. On appeal, Cook reasserts his arguments and requests the appointment of counsel.

A petition for a writ of habeas corpus under 28 U.S.C. § 2241 is not the proper method for attacking the validity of a conviction. *United States v. Jalili,* 925 F.2d 889, 893–94 (6th Cir.1991). Such a petition may be filed only where it is established that the usual remedy under § 2255 is inadequate or ineffective. *Charles v. Chandler,* 180 F.3d 753, 755–56 (6th Cir. 1999). To meet this standard, it is not sufficient to allege that a § 2255 motion is inadequate because relief under that section has already been denied, because a § 2255 motion would be barred by the statute of limitations, or because permission to file a second such motion would be denied. *United States v. Peterman,* 249 F.3d 458, 461 (6th Cir.), *cert. denied,* 534 U.S. 1008, 122 S.Ct. 493, 151 L.Ed.2d 404 (2001). Nor is the petitioner's claim of actual innocence under *Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), sufficient to show that § 2255 is inadequate, as that very claim was addressed and rejected in the petitioner's prior § 2255 motion. *See Charles v. Chandler,* 180 F.3d 753, 756–57 (6th Cir. 1999); *see also Dunning v. Morrison,* 58 Fed.Appx. 628, 628–29 (6th Cir.2003) (unpublished).

Accordingly, the dismissal of this petition is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.