**Guy Auguste DUVAL, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 18417.**

United States Court of Appeals
Ninth Circuit.

July 17, 1967.

Guy Auguste Duval, in pro. per.

Cecil F. Poole, U. S. Atty., San Francisco, Cal., Robert Williams, U. S. Atty., Tacoma, Wash., for appellee.

Before CHAMBERS, HAMLEY and ELY, Circuit Judges.

PER CURIAM.

Guy Duval was convicted of holding up the Humboldt Branch of the Bank of America on Market Street in San Francisco on December 19, 1961. Appellant specifies thirty-seven errors on this appeal. Only a few of these alleged errors dignify comment; most are frivolous.

Duval claims that he was forced to trial without opportunity to retain counsel. In fact, the trial court granted him more than twenty-five continuances for the purpose of obtaining counsel. The court also repeatedly offered to appoint any attorney that appellant might desire, including some of the very people that he claimed to be trying to retain. It was only after appellant failed repeatedly to retain counsel himself and spurned the efforts of the trial court to appoint counsel that the court went ahead with the trial. When trial finally did commence, the court had two attorneys present in the eventuality that appellant should change his mind and seek advice.

Appellant also argues that he was not afforded a speedy trial because of the more than twenty-five continuances that the trial court granted. As Duval himself requested the continuances, this contention is ludicrous.

Appellant further argues that the hearing held to settle the record was not adequate.* He claims that he should have been allowed to call witnesses in order to prove that the record was inadequate. His basic argument is that the trial judge, in cahoots with the court reporters, falsified the record so as to protect the regularity of the conviction. A trial judge has a great deal of discretion in conducting a hearing to correct a record. In most cases this discretion allows him to stop short of a new trial. Here witnesses were not called because appellant would not temper his demands with reason, but moved to subpoena the entire original jury. In denying this motion the trial judge indicated that he would consider a request to subpoena specific named witnesses if appellant indicated what testimony he expected. Appellant made no such requests.

There is also nothing to appellant's specification of error involving the denial of his motion to suppress the gun and money taken from him as the result of a search of his person following his arrest. The search was proper as made incident to a lawful arrest. Probable cause for the arrest is found in the circumstance of a well-dressed man (actually a bank official) flagging down a police car on Market Street within minutes after the robbery and saying, "Bank suspect of Humboldt robbery, Yellow Cab 653 on Second Street."

Having carefully considered appellant's other specifications of error, we find them to be frivolous.

Affirmed.

---

\* On November 17, 1965, this court remanded this case to the district court to grant appellant a hearing to settle the record. Appellant alleged numerous errors, most of which were technical. The hearing on the record lasted five days, with appellant questioning the six court reporters who had transcribed the proceedings. The reporters, under the guidance of the court, compared their shorthand notes against the transcript. Following the hearing, the judge made a few minor changes and then concluded that the record on appeal was accurate.