**Guy A. DUVAL, Appellant,**

v.

**J. T. WILLINGHAM, Warden, United States Penitentiary, Leavenworth, Kansas, Appellee.**

**No. 9449.**

United States Court of Appeals
Tenth Circuit.

Feb. 7, 1968.

quately present his appeal, the answer is that his conviction has become final and he is committed to the custody of the Attorney General, who, under 18 U.S.C. § 4082(a), "shall designate the places of confinement where the sentences shall be served." The action of the Attorney General in designating Leavenworth Penitentiary as the place of confinement is not now reviewable by the courts.

Affirmed.

Briefs were submitted by Guy A. Duval, pro se and by Leon R. Hetherington, Denver, Colo., for appellant.

Brief was submitted by Newell A. George, U. S. Atty., and Benjamin E. Franklin, Asst. U. S. Atty., for appellee.

Before JONES *, LEWIS, and BREITENSTEIN, Circuit Judges.

PER CURIAM.

The appellant's petition for habeas corpus relief was denied by the district court. Prisoner was convicted of bank robbery in the Northern District of California and the conviction was affirmed by the Court of Appeals for the Ninth Circuit. See Duval v. United States, 9 Cir., 383 F.2d 378. The United States Supreme Court has denied certiorari. Misc. No. 527, January 29, 1968, 390 U.S. 926, 88 S.Ct. 859, 19 L.Ed.2d 986.

We have examined the mass of material submitted by the prisoner. If he seeks relief from the sentence, his exclusive remedy is under 28 U.S.C. § 2255. No showing is made that such remedy is "inadequate or ineffective to test the legality of his detention." If his complaint is against the place of confinement because he is entitled to be near the court of sentence so that he may ade-