982 F.2d 529
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 John MORESCO, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 92-1108.
 United States Court of Appeals, Tenth Circuit.
 Dec. 10, 1992.
 
 Before LOGAN, Circuit Judge, BARRETT, Senior Circuit Judge, and EBEL, Circuit Judge.*
 ORDER AND JUDGMENT**
 EBEL, Circuit Judge.
 
 
 1
 In this pro se appeal, the appellant is challenging the district court's order denying his motion to modify his sentence. In 1988, the appellant pled guilty to two counts of racketeering in violation of 18 U.S.C. § 1952. The appellant was sentenced to two years imprisonment on the first count and five years imprisonment on the second count, with the terms to run consecutively. The appellant was also sentenced to two years of supervised release on each count. The appellant was paroled from his first sentence after serving eight months, at which time he started serving his sentence on the second count. While serving his second sentence, the appellant was informed by the prison authorities that he could expect placement in a halfway house for the last six months of his sentence. The appellant is scheduled to enter the halfway hosue on October 28, 1992 and to be released on April 28, 1993.
 
 
 2
 On February 18, 1992, the appellant filed a motion for modification of his sentence in the District Court of Colorado. The appellant requested the court to send him to a halfway house six months earlier than originally scheduled, and to place him in an electronic home confinement program for the last six months of his sentence. The basis for the appellant's request was the desire to take advantage of an employment offer to manage a restaurant. The district court dismissed the appellant's motion for lack of subject matter jurisdiction and failure to exhaust administrative remedies. We agree that the appellant has failed to allege proper subject matter jurisdiction and thus affirm.[1]
 
 
 3
 The appellant has asserted two bases for the district court's exercise of subject matter jurisdiction. First, the appellant alleges that the district court has authority to modify his sentence under 28 U.S.C. § 2255. However, a habeas petition under § 2255 may only challenge the validity of a sentence, not the manner in which the sentence is being executed. United States v. Hutchings, 835 F.2d 185, 186 (8th Cir.1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir.1980); Thompson v. United States, 536 F.2d 459, 460 (1978). Thus, this section does not give the federal district courts authority to determine a prisoner's place of confinement. United States v. Jalili, 925 F.2d 889, 893 (6th Cir.1991); Duval v. Willingham, 390 F.2d 203, 204 (10th Cir.1968).[2]
 
 
 4
 Alternatively, the appellant asserts that the district court has authority to modify his sentence under 18 U.S.C. § 3582(c). However, § 3582(c) only authorizes the federal district courts to modify a sentence 1) upon motion by the Director of the Bureau of Prisons, 2) when expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure, or 3) when a defendant has been sentenced to a term of imprisonment based on a sentencing guideline range that has subsequently been lowered. 18 U.S.C. § 3582(c). None of these circumstances is present in the instant case.
 
 
 5
 Our conclusion that 28 U.S.C. § 2255 and 18 U.S.C. § 3582(c) do not confer subject matter jurisdiction on the district court is supported by the grant of authority to the Bureau of Prisons in 18 U.S.C. § 3621(b). This section authorizes the Bureau of Prisons "to designate the place of a prisoner's imprisonment." 18 U.S.C. § 3621(b). The term "imprisonment" refers to any type of custody, including custody in a correctional facility or home confinement program. See 18 U.S.C. § 3624(c); Jalili, 925 F.2d at 893-94. Consequently, § 3621(b) gives primary authority to the executive branch over any petition pertaining to a prisoner's place of confinement.[3] See Johnson v. Moore, 926 F.2d 921, 923 (9th Cir.1991); Jalili, 925 F.2d at 892; Dragna, 746 F.2d at 458; Duval, 390 F.2d at 204. Accordingly, we find that the district court was without authority to entertain the appellant's motion to modify his sentence.[4]
 
 
 6
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, the case is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 This court reviews de novo issues pertaining to its subject matter jurisdiction. Weiss v. United States, 889 F.2d 937, 938 (10th Cir.1989)
 
 
 [2]
 A prisoner may attack the execution of his sentence by means of a habeas petition under 28 U.S.C. § 2241(a). Jalili, 925 F.2d at 893; Brown, 610 F.2d at 677. Even under this section, however, a petition must allege that the sentence is being executed in violation of the Constitution or federal law. See 28 U.S.C. § 2241(c); Rose v. Hodges, 423 U.S. 19, 21 (1975). Since the appellant's motion to modify his sentence does not allege any such violation, even if we were to broadly construe the appellant's pro se petition under § 2255 as a petition under § 2241(a), see Hutchings, 835 F.2d at 187, it would not confer subject matter jurisdiction on the district court
 
 
 [3]
 The federal courts do have authority, in some instances, to specify a defendant's place of confinement as part of a sentence of supervised release. See Sentencing Guidelines 5C1.1(d), 5F1.1, 5F1.2; Jalili, 925 F.2d at 892-93. This authority is not at issue in this case, however, because the appellant is seeking to restructure his term of imprisonment, not his term of supervised release
 
 
 [4]
 Because we find that the appellant failed to allege proper subject matter jurisdiction, we do not decide whether the appellant failed to exhaust his administrative remedies