FILED
United States Court of Appeals
Tenth Circuit

February 9, 2010

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

No. 09-6153

MARCUS RUSELL MILLER,

    Defendant - Appellant.

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA
(D.C. No. 94-CR-00057-D-1)**

---

Submitted on the briefs:[*]

Marcus Rusell Miller, pro se.

Susan Dickerson Cox, Assistant U.S. Attorney (Robert J. Troester, Acting United States Attorney, on the briefs), Oklahoma City, Oklahoma, for Defendant - Appellant.

---

Before **KELLY**, **BRISCOE**, and **HOLMES**, Circuit Judges.

---

**KELLY**, Circuit Judge.

---

    [*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause therefore is ordered submitted without oral argument.

Defendant-Appellant Marcus R. Miller, a state inmate proceeding pro se, appeals from the district court's dismissal with prejudice of his petition, styled as a petition for a writ of nunc pro tunc. Mr. Miller is currently serving a state sentence in the custody of the Oklahoma Department of Corrections (ODOC), 1 R. Doc. 28, upon the completion of which he will begin a federal sentence of 60 months in prison for conspiracy to defraud the United States, in violation of 18 U.S.C. § 286. 1 R. 23-24. Mr. Miller sought to have the district court designate his state facility as the facility where he also serves his federal sentence under 18 U.S.C. § 3621(b). Because Mr. Miller is challenging the execution of his federal sentence under § 28 U.S.C. § 2241, we do not require a certificate of appealability. See Montez v. McKinna, 208 F.3d 862, 867 (10th Cir. 2000). We affirm.

On September 22, 1994, Mr. Miller pled guilty to conspiracy to defraud the United States. 1 R. 17. On November 30, 1994, Mr. Miller received a sentence of 60 months in prison "to run consecutive to any prior sentences imposed." 1 R. 24. At the time of his federal conviction and sentencing, Mr. Miller was already serving the same state sentence for which he is still incarcerated. 2 R. 8-11. Mr. Miller did not file a direct criminal appeal in the federal matter.

After requesting a nunc pro tunc designation from the Bureau of Prisons and receiving no response, Aplt. Br. at 2, Mr. Miller filed his "petition for a writ

of nunc pro tunc" as an additional proceeding in his original criminal case. 1 R. 4. Because Mr. Miller's deadline to file a direct appeal expired years ago and he cited 28 U.S.C. § 2241, the district court construed the petition as a habeas corpus petition challenging the execution of his sentence. 1 R. 44. Mr. Miller claimed that he is entitled to have the BOP designate the ODOC, in whose custody he currently serves a state sentence, "as the facility where he is to serve his federal sentence." 1 R. 31. In effect, the district court noted, Mr. Miller seeks to have his federal sentence run concurrent, instead of consecutive, to his state sentence. 1 R. 45. The district court dismissed the petition, finding that the BOP cannot designate a place of confinement because Mr. Miller is not currently serving a federal sentence and that Mr. Miller presented no basis of relief from his consecutive sentence. 1 R. 44-46.

On appeal, Mr. Miller argues that the district court abused its discretion in denying his petition and that he is entitled to have the BOP designate his state prison as the facility where he is to serve his federal sentence. Aplt. Br. at 3. He further argues that the BOP should credit his state sentence against his federal sentence—essentially, to have the sentences run concurrently. Id. at 5.

Like the district court, we construe Mr. Miller's petition as a writ of habeas corpus challenging the execution of his sentence under 28 U.S.C. § 2241. Mr. Miller satisfies the "in custody" requirement for habeas purposes because a prisoner may "challenge a sentence that was imposed consecutively to his current

- 3 -

sentence but which he ha[s] not yet begun to serve." Mays v. Dinwiddie, 580 F.3d 1136, 1139 (10th Cir. 2009). We review de novo the district court's dismissal of a § 2241 petition, and the district court's factual findings for clear error. Martinez v. Flowers, 164 F.3d 1257, 1258 (10th Cir. 1998).

First, 18 U.S.C. § 3621(b) does not afford Mr. Miller any relief. Habeas relief under § 2241 cannot extend to Mr. Miller unless he shows that the execution of his sentence violates federal law or the Constitution. Rose v. Hodges, 423 U.S. 19, 21 (1975). Section 3621(b) directs the BOP "to designate the place of a prisoner's imprisonment"—language that gives the executive branch primary authority over any petition challenging a prisoner's place of confinement. Moresco v. United States, No. 92-1108, 1992 WL 372399, at *2 (10th Cir. Dec. 10, 1992). Therefore, to the extent that this petition asked the court to issue a nunc pro tunc order and modify his sentence, Aplt. Br. at 2, the district court lacked jurisdiction to consider it. See Duval v. Willingham, 390 F.2d 203, 204 (10th Cir. 1968); Moresco, 1992 WL 372399, at *2.

Second, as the district court noted, the BOP cannot designate a place of confinement until Mr. Miller is in federal custody. Hernandez v. United States, 689 F.2d 915, 919 (10th Cir. 1982) (without custody of the defendant, "the Attorney General was in no position to designate a place of confinement"); see also United States v. Pungitore, 910 F.2d 1084, 1119 (3d Cir. 1990) (the Attorney General "simply will not be called upon to [designate the place of confinement]

until the state sentence is completed and the defendant is delivered to federal custody").

Finally, Mr. Miller claims that the district court erred in not applying Barden v. Keohane, 921 F.2d 476, 483 (3d Cir. 1990). Barden presented similar circumstances: a prisoner requesting that the BOP designate his state prison facility the place of his federal confinement nunc pro tunc. Id. at 477-78. Barden required the BOP to consider the prisoner's nunc pro tunc request. Id. at 478. Two critical facts distinguish Barden from Mr. Miller's case: first, Barden received his federal sentence before his state sentence, so that neither court could order concurrent sentencing, see Abdul-Malik v. Hawk-Sawyer, 403 F.3d 72, 75 (2nd Cir. 2005) (discussing Barden); second, Barden's federal sentencing court did not order a consecutive sentence. Barden, 921 F.2d at 483. Here, Mr. Miller was already serving his state sentence when he received his federal sentence, and his federal sentence was expressly ordered "to run consecutive to any prior sentences imposed." 1 R. 24.

This court has never adopted Barden, and no published decision has extended Barden to these circumstances. Allowing a nunc pro tunc designation here would void the district court's valid sentence, and undermine the court's statutory authority under 18 U.S.C. § 3584(a). The Bureau of Prisons' own Policy Statement indicates that it cannot make a nunc pro tunc designation where the federal court has ordered that the federal sentence run consecutive to the

earlier state sentence.  BOPPS 5160.05, ¶ 7(b)-(c) (explaining that federal courts may order consecutive sentences, but when they order concurrent sentences BOP "implements such order or recommendation, ordinarily by designating the state facility as the place to serve the federal sentence"); ¶ 9(b)(4)(c) (<u>Barden</u>-style nunc pro tunc request for concurrent service may be "appropriate (e.g., the federal sentence is imposed first and there is no order or recommendation regarding the service of the sentence in relationship to the yet to be imposed state term)").

Because Mr. Miller's federal sentence was ordered to run consecutive to his state sentence, the district court's dismissing the matter with prejudice is AFFIRMED.  We GRANT Mr. Miller's motion to proceed IFP on appeal.