FILED
United States Court of Appeals
Tenth Circuit

May 25, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RICHARD F. WISE,

        Petitioner - Appellant,

v.

CLAUDE CHESTER, Warden,
USP–Leavenworth,

        Respondent - Appellee.

No. 10-3292

(D.C. No. 5:09-CV-03283-RDR)
(D. Kansas)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

      Defendant Richard F. Wise, a federal prisoner, applied for a writ of habeas

corpus in the United States District Court for the District of Kansas.[1]  *See* 28

U.S.C. § 2241.  His application challenged the calculation by the Bureau of

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Defendant was imprisoned in U.S.P. Leavenworth when he filed his application, jurisdiction was proper in the District of Kansas.  *See Howard v. United States Bureau of Prisons*, 487 F.3d 808, 811 (10th Cir. 2007).

Prisons (BOP) of the starting date of his sentence and the date that he would be eligible for release. The district court found that the BOP's calculation was correct and denied the application. Defendant appeals; we have jurisdiction under 28 U.S.C. § 1291 and affirm.

## I.    BACKGROUND

On April 27, 2004, Defendant was indicted in Hamilton County, Ohio, and a warrant was issued for his arrest. On May 5 a federal arrest warrant was issued for him on unrelated charges. The Franklin County, Ohio, Sheriff arrested Defendant on June 6. After he was arrested the United States Marshal for the Southern District of Ohio issued a detainer to the Franklin County Sheriff stating that there was a federal arrest warrant for Defendant and asking that the Marshal be notified before he was released from custody. The State of Ohio prosecuted Defendant first; he pleaded guilty to theft on September 27 and was sentenced to 18 months' imprisonment. On November 2 the United States Marshal issued another detainer to the state correctional institution where Defendant was incarcerated.

Defendant was indicted by a federal grand jury of the Southern District of Ohio on March 29, 2005. A magistrate judge then issued a writ of *habeas corpus ad prosequendum* directing that he be temporarily released from state custody so that he could be prosecuted in federal court. He was turned over to federal officers on April 12. On October 28 he pleaded guilty in federal court to bank

robbery, *see* 18 U.S.C. § 2113(a); conspiracy to commit bank robbery, *see id.* §

371; and transporting a stolen motor vehicle in interstate commerce, *see id.* §

2313. On August 24, 2006, the district court sentenced him to concurrent

sentences of 84 months' imprisonment on the bank-robbery conviction, 60

months' imprisonment on the conspiracy conviction, and 84 months'

imprisonment on the transportation conviction. Defendant was not returned to

state custody, however, because his state sentence had expired during the federal-

court proceedings.

In 2007 the BOP calculated that Defendant would complete his full term of

imprisonment on April 12, 2012. This calculation gave him credit for the 498

days during which he was in federal custody under the writ of *habeas corpus ad*

*prosequendum*, from April 12, 2005 until sentencing on August 24, 2006.

Defendant unsuccessfully challenged the calculation through BOP administrative

procedures, arguing that he should receive credit for all days since he had been

arrested in June 2004. While his administrative appeal was pending, the BOP

corrected its calculation of Defendant's sentence, determining that he would not

complete his full term until November 23, 2012. The correction was to disallow

credit for time in federal custody on the writ of *habeas corpus ad prosequendum*

that the state had credited to his state sentence. Because the state credited him

with all his time in federal custody on the *ad prosequendum* writ until he

completed serving his sentence on November 23, 2005, the BOP gave him credit only for days of incarceration after that date.

## II. DISCUSSION

We review de novo the dismissal of a § 2241 petition, although we accept the district court's factual findings unless clearly erroneous. *See United States v. Miller*, 594 F.3d 1240, 1242 (10th Cir. 2010). The statute governing when a defendant is given credit toward a federal sentence for time that he was incarcerated before imposition of sentence is 18 U.S.C. § 3585(b), which states:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>     (1) as a result of the offense for which the sentence was imposed; or
>     (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> *that has not been credited against another sentence*.

(emphasis added). Therefore, Defendant is entitled to credit for time that he was in custody before commencement of his federal sentence only if that time was not credited to his state sentence. *See Weekes v. Fleming*, 301 F.3d 1175, 1178 (10th Cir. 2002).

Defendant makes two arguments that the BOP's calculation of his sentence is incorrect. First, he argues that he should receive credit on his federal term of imprisonment for every day between his arrest on June 6, 2004, and his date of sentencing because he was arrested by the federal government and was therefore

continually in federal custody (presumably serving his federal sentence) even though much of that time was spent serving a state prison sentence for theft. Second, he contends that his state sentence ended on April 12, 2005, not November 23, and that he should receive credit for all the days between April 12 and his federal sentencing on August 24, 2006. We address each argument in turn.

### A.    Arrest

When Defendant was sentenced for his state theft conviction on September 27, 2004, the state granted him 125 days' credit for the time that he had been in custody between arrest and sentencing. Because he received credit on his state sentence for this time, he ordinarily could not receive credit on his federal sentence. *See id.* Defendant argues, however, that he was arrested by the federal government on June 6 and that "he cannot be required to serve [his sentence] in installments." *Id.* at 1180 (internal quotation marks omitted). Accordingly, in his view, he is entitled to credit for all the time between his arrest and the imposition of his federal sentence.

But even if we accept Defendant's legal theory, his claim is based on the false factual premise that he was arrested by federal officers on June 6, 2004. True, a federal warrant had been issued for his arrest the previous month. It is also true that an investigation report shows that he was interviewed by an FBI agent while in custody on June 8; and Defendant alleges that he was provided a

copy of the federal detainer at that time. In addition, Defendant correctly states that he was not transferred into the custody of Hamilton County until June 9 and that a Hamilton County Court docket sheet reflects that he was arrested that day.

Nevertheless, the federal district court found that Defendant "was arrested by state authorities and placed in state custody." R. at 170. That finding has ample support in the record. A Franklin County document indicates that Defendant was arrested on June 6, 2006, in response to a hold request from Hamilton County. The federal detainers are not evidence that Defendant was in federal custody. On the contrary, that the United States Marshal issued detainers on Defendant both before and after the state sentenced him and that the United States obtained temporary custody of him through a writ of *habeas corpus ad prosequendum* show that the United States acted as though Ohio had custody of Defendant and that it had agreed to that custody. *See Weekes*, 301 F.3d at 1181 (use of *ad prosequendum* writ and detainers indicate that sovereign did not have custody); *Hernandez v. U.S. Att'y Gen.*, 689 F.2d 915, 919 (10th Cir. 1982) ("The law of comity is such that the two sovereigns may decide between themselves which shall have custody of a convicted prisoner."). Defendant's interview by a federal agent while in a county jail hardly made him a federal prisoner; and the Hamilton County record, which shows when Defendant came into its custody, does not imply that he had previously been in federal, rather than Franklin

-6-

County, custody. The district court's finding was not clearly erroneous and is therefore binding on this court.

## B.     Termination of State Sentence

As previously noted, Defendant was sentenced by the state court on September 27, 2004, to 18 months' incarceration, less 125 days' credit for presentence custody. That sentence would have expired on November 23, 2005. Nevertheless, Defendant argued in federal district court that his state sentence terminated on April 12, 2005. He noted (1) that the initial presentence report (PSR) for his federal convictions had said that his state sentence ended on April 12 and (2) that the BOP also had at first agreed with him. Defendant's explanation for the April termination date was that his 18-month sentence had been corrected to a 12-month sentence because the value of the stolen item justified only a 12-month sentence. "In order to correct the error by the Court," he stated, "[Defendant] was credit[ed] with his jail time credit of four months, and required to only serve 8 months, which accounts for the expiration of his sentence on April 12, 2005," the date that he was transferred to federal custody through a writ of *habeas corpus ad prosequendum.* R. at 28–29.

The district court, however, found no evidence beyond the Defendant's assertions that his state sentence was modified after his conviction or that it expired on April 12, 2005. The record contains only a single state document, an Ohio Department of Rehabilitation and Correction sentence computation, that sets

out Defendant's date of release from the state sentence, and it states that his sentence was expected to expire on November 23, 2005. The state-court docket does not indicate that the court ever modified his sentence; on the contrary, it shows that the court denied Defendant's motions to modify the sentence and to compel modification of the sentence. And Defendant admits that the BOP contacted Ohio officials by telephone and was informed that the sentence had not expired until November 23.

Although April 12, 2005, was the date that the United States obtained custody of Defendant through a writ of *habeas corpus ad prosequendum,* the use of the writ does not show that state custody ended on that day. *See Binford v. United States*, 436 F.3d 1252, 1255–56 (10th Cir. 2006) (use of *ad prosequendum* writ by federal government does not establish beginning of federal custody). Rather, it indicates that the United States was acknowledging that the state still had custody over him. *See Weekes*, 301 F.3d at 1181.

Thus, the district court did not clearly err in finding that Defendant's state sentence expired on November 23, 2005, and that the April 12 date in the PSR was erroneous.

## III.  CONCLUSION

We AFFIRM the judgment of the district court.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge

-8-