FILED
United States Court of Appeals
Tenth Circuit

July 28, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CLINTON HOWARD,

      Petitioner - Appellant,

v.

UNITED STATES BUREAU OF
PRISONS,

      Respondent - Appellee.

No. 11-3019
(D.C. No. 5:04-CV-03115-RDR)
(D. Kansas)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

Clinton Howard, a federal inmate appearing pro se, appeals the district court's decision, on remand from a prior appeal, denying his application for a writ of habeas corpus under 28 U.S.C. § 2241. Because the district court's factfinding on remand was not clearly erroneous, we affirm the denial.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Howard's § 2241 application challenged prison disciplinary proceedings regarding two incidents. The district court originally denied the application. On appeal we affirmed with respect to one disciplinary proceeding; but we held that at the other proceeding he had been denied due process by the refusal of the Bureau of Prisons to produce and review a videotape allegedly showing portions of the prisoner altercation that formed the basis of the disciplinary charge. *See Howard v. U.S. Bureau of Prisons*, 487 F.3d 808, 810–11 (10th Cir. 2007). We remanded for the district court to determine whether the error was nonetheless harmless. *See id*. at 815.

On remand the district court ruled that any violation of Mr. Howard's due-process rights was harmless. The court said: "1) . . . the security cameras at the [prison] did not record pertinent footage of the incident; and 2) any recording made by the cameras at the [prison] was recorded over and destroyed before [Mr. Howard] requested that the tapes be produced and examined." R., Vol. 1 at 278.

Mr. Howard challenges the district court's harmless-error determination. He also raises other challenges to the disciplinary hearing—some of which were not raised in his initial appeal—but our review is limited to the issue on which we ordered a remand. *See Texaco, Inc. v. Hale*, 81 F.3d 934, 937 (10th Cir. 1996) (only issue before appellate court is what was in remand order). We review de novo the court's dismissal but we review its factual findings for clear error. *See*

*United States v. Miller*, 594 F.3d 1240, 1242 (10th Cir. 2010) (standard of review in § 2241 appeal).

In support of its harmless-error ruling the district court found that the security cameras did not record any relevant footage of the incident. It relied on the declaration of a special investigative services telephone monitor, whose job was to review institutional video cameras for inmate-misconduct investigations. The telephone monitor's sworn declaration stated:

> As part of my normal investigatory practice, I would review all video camera footage located in the areas where a[n] incident involving inmate misconduct occurred. If there is a video recording of the incident, or a portion of the incident, I would maintain a copy of such video in the investigatory file. . . . My investigation of [Mr. Howard's] incident would have involved such a review of the video camera footage at [the prison] on December 9, 2001. As there is no preserved videotape, and no written indication in the files of the existence of any videotapes, there is no videotape footage that captured the incident involving [Mr. Howard] in December 2001.

R., Vol. 1 at 211. Given this evidence, the court's factual finding was not clearly erroneous. And given that finding, we must affirm the court's ruling that the due-process violation was harmless.

We AFFIRM the decision of the district court.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge

-3-