**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 20, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RUPERT A. TRUJILLO,

            Petitioner-Appellant,

v.

H.A. LEDEZMA, Warden,

            Respondent-Appellee.

No. 11-6205

(W.D. of Okla.)

(D.C. No. CV-11-00244-W)

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.[**]

    Rupert A. Trujillo, a federal prisoner in Oklahoma, appeals the district

court's dismissal of his application for habeas relief under 28 U.S.C. § 2241. He

also seeks leave to proceed on appeal in forma pauperis. We have jurisdiction

under 28 U.S.C. § 1291, and we construe Trujillo's filings liberally because he is

---

    [*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

    [**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

proceeding pro se. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).

We agree with the district court that § 2241 was not an available remedy in this case. Accordingly, we AFFIRM the district court's dismissal and DENY the application to proceed in forma pauperis.

## I. Background

Trujillo pleaded guilty to drug charges in the District of New Mexico and was sentenced to 120 months' imprisonment in November 2009. He did not file a direct appeal. He is currently incarcerated and serving his sentence at the Federal Correctional Institution in El Reno, Oklahoma.

In March 2011, Trujillo filed a petition seeking a writ of habeas corpus pursuant to § 2241 in the Western District of Oklahoma, the jurisdiction where he is serving his sentence, challenging the validity of his conviction on the grounds that he was not competent when he pleaded guilty. The government filed a motion to dismiss. The district court held that Trujillo cannot pursue his claim under § 2241 and his only available remedy comes from 28 U.S.C. § 2255. *See Prost v. Anderson*, 636 F.3d 578, 581 (10th Cir. 2011) (finding a federal prisoner's attempt to attack the legality of conviction or sentence must be brought under § 2255). Additionally, the district court held Trujillo did not qualify for the exception to the rule that would have allowed him to bring his claim under § 2241. *See id.* (finding a federal prisoner may resort to § 2241 to challenge the

legality of conviction or sentence if the remedy under § 2255 is inadequate or ineffective).  Accordingly, the district court granted the government's motion to dismiss and dismissed Trujillo's petition.  This timely appeal followed.

## II.  Analysis

This court reviews a district court's dismissal of a § 2241 petition de novo, and reviews factual findings for clear error.  *United States v. Miller*, 594 F.3d 1240, 1242 (10th Cir. 2010).

Sections 2241 and 2255 serve separate and distinct purposes, and are not interchangeable.  *See Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) ("The purposes of an application for a writ of habeas corpus pursuant to . . . § 2241 and a motion pursuant to . . . § 2255 are distinct and well established.).  It is clear that Trujillo is attempting to challenge the legality of his conviction and sentence.  Such a challenge must be filed pursuant to § 2255 and be filed in the district in which the sentence was imposed—the District of New Mexico.  *Bradshaw v. Story*, 86 F.3d 164, 166–67 (10th Cir. 1996).  In contrast, a § 2241 petition attacks the execution of a sentence and "is not an additional, alternative, or supplemental remedy to" § 2255.  *Id*. at 166.

There is one exception to this strict separation: § 2255(e)'s "savings clause."  Under the savings clause, a prisoner can bring a collateral sentencing attack in a § 2241 petition if it "appears that the remedy [offered] by [a § 2255] motion is inadequate or ineffective to test the legality of his detention."  This is

an extremely narrow exception, applicable "only in extremely limited circumstances." *Caravalho*, 177 F.3d at 1178. Trujillo has never filed a § 2255 motion and has only stated that § 2255 "Would Be Inadequate Because It Would Be Ineffective to Test The Legality of Petitioner's Confinement." R., Doc. 22 at 5. This conclusory statement is insufficient to invoke the savings clause. *See also Humphreys v. Gibson*, 261 F.3d 1016, 1023 n.2 (10th Cir. 2001) (rejecting habeas allegations as "conclusory"). Additionally, after thoroughly reviewing the record, nothing else indicates that the savings clause should otherwise apply.

Finally, as the magistrate judge's Report and Recommendation noted, even if the district court were to *sua sponte* recharacterize Trujillo's filing as a § 2255 petition and transfer it to New Mexico, such recharacterization would likely be futile because, in the absence of tolling, the one-year limitations period for a § 2255 motion has run.

## III. Conclusion

For the foregoing reasons, we DENY Trujillo's motion to proceed *in forma pauperis* and DISMISS his appeal.

Entered for the Court,


Timothy M. Tymkovich
Circuit Judge