**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 29, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

GODLIVE JOHNATHAN TETTY-
MENSAH, a/k/a Cousin, a/k/a J.B.,

      Defendant - Appellant.

No. 16-5103
(D.C. No. 4:12-CR-00071-CVE-2)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **MATHESON,** and **BACHARACH**, Circuit Judges.

Defendant Godlive Johnathan Tetty-Mensah, proceeding pro se,[1] appeals the

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Tetty-Mensah is proceeding pro se, we construe his pleadings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *see also United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("[W]e must construe [a pro se litigant's] arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate.").

district court's dismissal of his request for a sentencing reduction based on credit for time previously spent in state detention. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the district court's dismissal for lack of jurisdiction.

## I. BACKGROUND

### A. *Factual Background*

On October 16, 2011, Mr. Tetty-Mensah was arrested on Oklahoma state charges related to the production of false credit cards and fraud. After pleading guilty, he was sentenced on March 20, 2012 to an aggregate term of four years imprisonment. He received credit for the eight months he served in the custody of the Oklahoma Department of Corrections ("ODOC") pending adjudication, and the remainder of his four-year sentence was suspended. Thus, the imprisonment portion of his sentence was fully satisfied on the date of sentencing, and he was immediately discharged from custody.

Two days after his state-court sentencing, on March 22, 2012, Mr. Tetty-Mensah was arrested on federal charges alleging the same acts from his earlier state case. After pleading guilty to two counts of a federal indictment—conspiracy and aggravated identity theft—he was sentenced on February 14, 2013, to an aggregate term of 84 months in the custody of the federal Bureau of Prisons ("BOP").

Mr. Tetty-Mensah's Presentence Investigation Report ("PSR") listed his time in ODOC custody under "Defendant's Criminal History." The PSR did not assign any criminal history points to this prior state offense. It listed no factors that would warrant a

departure from the prescribed guideline calculations based on the state conviction or sentence.

Mr. Tetty-Mensah did not seek a downward departure at his federal sentencing based on the credit he received for his state conviction. He also did not file a direct appeal.

B. *Procedural Background*

On March 2, 2015, Mr. Tetty-Mensah filed a motion for sentence reduction in the United States District Court for the Northern District of Oklahoma pursuant to 18 U.S.C. § 3582. He asked the court to direct the BOP to grant him credit for the time spent in ODOC custody and to accelerate his date of release from federal custody. The district court dismissed his motion for lack of jurisdiction.

The court noted Mr. Tetty-Mensah was required to raise the issue of credit under 18 U.S.C. § 3585(b) with the BOP in the first instance and then, if unsatisfied, seek judicial review of that administrative decision under 28 U.S.C. § 2241. The court went on to state that even if it had a jurisdictional basis to consider Mr. Tetty-Mensah's request, he would not be entitled to credit "because the eight months served in [ODOC custody] were fully credited to the sentence imposed in [Oklahoma state court] . . . Section 3585 does not permit credit on a federal sentence for time served and credited against another sentence." Supp. App. at 21 n.1.

Mr. Tetty-Mensah did not appeal this dismissal. Instead, he filed a request with the BOP to seek credit for his time in ODOC custody. The BOP denied his request

because "[a]ll time spent in custody prior to and including March 20, 2012, was applied to the service of [his] state sentence." Supp. App. at 31.

On August 3, 2015, Mr. Tetty-Mensah filed a second motion for relief with the same district court pursuant to 18 U.S.C. § 3582, attaching his denial of relief from the BOP. The district court summarily dismissed this motion for lack of jurisdiction, finding that the pleading was duplicative of the first motion. Mr. Tetty-Mensah did not appeal this second denial.

On June 13, 2016, Mr. Tetty-Mensah filed a third motion in the district court for a *nunc pro tunc* order,[2] arguing that §§ 5G1.3(b) and 5K2.23 of the United States Sentencing Guidelines required an eight-month downward adjustment of his sentence for his ODOC time. The district court denied his request on June 16, 2016. It explained that, although §§ 5G1.3(b) and 5K2.23 generally outline grounds for departure, his PSR did not cite any reason for departure and those sections did not provide a basis to reconsider Mr. Tetty-Mensah's sentence. The court explained that its authority to reconsider sentencing arises only from a statute or rule of criminal procedure that expressly grants the court jurisdiction to reconsider a sentence. Thus, the court again dismissed for lack of jurisdiction. Mr. Tetty-Mensah filed the instant timely appeal on June 30, 2016.

## II. **DISCUSSION**

We review de novo the district court's determination that it lacks jurisdiction to

_____

[2] A *nunc pro tunc* order has "retroactive legal effect through a court's inherent power." *Nunc Pro Tunc*, BLACK'S LAW DICTIONARY (10th ed. 2014).

modify a sentence. *United States v. Luna-Acosta*, 715 F.3d 860, 864 (10th Cir. 2013); *see also Henry v. Office of Thrift Supervision*, 43 F.3d 507, 511 (10th Cir. 1994) ("The determination of the district court's subject matter jurisdiction is a question of law which we will review *de novo*.").

A district court does not have inherent authority to modify a previously imposed sentence; it may do so "only in specified instances where Congress has expressly granted the court jurisdiction to do so." *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996); *see also United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997).

Like his first two motions, the viability of Mr. Tetty-Mensah's third motion for an order reducing his sentence "depends entirely on [18 U.S.C. § 3582(c)]." *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997) (alteration in original) (explaining that a motion for sentence reduction which is not a direct appeal or a collateral attack depends on § 3582(c)). Section 3582(c) provides three avenues for a district court to "modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). The court may modify the sentence (1) "upon motion of the Director of the Bureau of Prisons," § 3582(c)(1)(A); (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," § 3582(c)(1)(B); or (3) where the applicable sentencing range "has subsequently been lowered by the Sentencing Commission," § 3582(c)(2). The first and third avenues are plainly inapplicable to Mr. Tetty-Mensah. As we explain below, so is the second one.

First, Mr. Tetty-Mensah appears to rely on §§ 5G1.3(b) and 5K2.23, but the

Sentencing Guidelines are not jurisdiction-conferring statutes permitting court to modify a sentence; they are not statutes at all. *See* 28 U.S.C. § 994(a)(1) (explaining that the guidelines promulgated by the Sentencing Commission are "for use of a sentencing court in determining the sentence to be imposed in a criminal case"). Thus, Mr. Tetty-Mensah's §§ 5G1.3(b) and 5K2.23 arguments do not vest the district court with jurisdiction to lower a sentence.

Second, Mr. Tetty-Mensah has not raised a Rule 35 argument to justify a sentence reduction under § 3582(c)(1)(B).[3]

Mr. Tetty-Mensah has not identified any alternative source of jurisdiction. Without an express statutory source, the district court correctly concluded that it lacked jurisdiction to entertain his motion for a sentence reduction. *See Port City Props. v. Union Pac. R. Co.*, 518 F.3d 1186, 1189 ("The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction.").

## III.  **CONCLUSION**

Because the district court lacked jurisdiction to modify Mr. Tetty-Mensah's

---

[3] Nor could he. Rule 35 allows a district court to reduce a defendant's sentence in two particular instances: (1) "the court may correct a sentence that resulted from arithmetical, technical, or other clear error" "[w]ithin 14 days after sentencing," and (2) the court may reduce a sentence if—upon the government's motion—the defendant, after sentencing, provided substantial assistance to the government. Fed. R. Crim. P. 35. Neither instance would apply to Mr. Tetty-Mensah because more than 14 days have passed since his sentencing, and the government has made no motion for a reduction based on substantial assistance.

sentence, we affirm and note the dismissal is without prejudice.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge