**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 20, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MAJID IRANPOUR MOBAREKEH,

    Defendant - Appellant.

No. 17-6116
(D.C. No. 5:14-CR-00312-HE-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **HARTZ**, and **BACHARACH**, Circuit Judges.
_____

Claiming it lacked jurisdiction, the United States District Court for the Western District of Oklahoma dismissed a claim for relief filed by Applicant Majid Iranpour Mobarekeh. Because the district court properly construed Applicant's claim as arising under 28 U.S.C. § 2241 and because applications under § 2241 must be filed in the prisoner's district of confinement, we affirm.

In 2015 Applicant pleaded guilty to one count of smuggling goods from the

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

United States, *see* 18 U.S.C. § 554(a), and one count of possessing opium with intent to distribute, *see* 21 U.S.C. § 841(a)(1). The district court sentenced him to 51 months in prison. In February 2017 he filed with the district court a document styled as a "Petition For A Sentence Reduction" (the Petition). ECF No. 86 at 1, *United States v. Mobarekeh*, Case No. 5:14-cr-00312-HE (W.D. Okla. Feb. 13, 2017). The Petition complained that the federal Bureau of Prisons (BOP) had violated his Fourteenth Amendment rights by not letting him enter the Residential Drug Abuse Program (RDAP), and the Petition sought a sentence reduction as relief for this violation. The Petition did not state the statutory provision under which Applicant sought relief, but asserted that the district court "ha[d] jurisdictional authority pursuant to 28 U.S.C.S. § 3551(b) [sic] being an authorized sentence to be imposed pursuant to 28 U.S.C.S. § 3553(a)(5) [sic]."[1] *Id.*

Adopting a magistrate judge's report and recommendation, the district court construed the Petition as a § 2241 application because it challenged the execution of Applicant's sentence. And it dismissed the Petition for lack of jurisdiction because "a § 2241 petition must be filed in the district where the petitioner is confined," and Applicant was serving his sentence in Texas rather than Oklahoma. R., Vol. 1 at 102.

Applicant appealed. He concedes that one must file a § 2241 application in one's district of confinement, and he does not dispute that he is confined in Texas. He argues

---

[1] Title 28 has no § 3551(b) or § 3553(a)(5). Applicant likely means to refer to Title 18. Title 18 has such sections, but neither is a jurisdictional grant. Section 3551(b) merely provides that one found guilty of a federal offense "shall be sentenced, in accordance with [18 U.S.C. § 3553]." And § 3553(a)(5) states only that in determining a sentence, a court shall consider certain "pertinent policy statement[s]" issued by the United States Sentencing Commission.

instead that the Petition is not a § 2241 application. This argument is not well taken.

As we have explained, "The principal purpose of a § 2241 application is to challenge the execution, rather than the validity, of a federal prisoner's sentence. If . . . a prisoner seeks to challenge certain matters that occur at prison . . . affecting the fact or duration of the prisoner's custody, that claim must be raised in a § 2241 application . . . ." *Hale v. Fox*, 829 F.3d 1162, 1165 n.2 (10th Cir. 2016) (citation, brackets, and internal quotation marks omitted), *cert. denied sub nom. Hale v. Julian*, 137 S. Ct. 641 (2017). And even if one styles a sentence-execution challenge as something else, we construe it as a § 2241 application. *See, e.g.*, *United States v. Miller*, 594 F.3d 1240, 1241–42 (10th Cir. 2010) (construing filing styled as petition for writ of nunc pro tunc as § 2241 application because of type of relief sought). Applicant here sought admission into the RDAP because those who complete it can get a sentence reduction from the BOP. *See* 18 U.S.C. § 3621(e)(2)(B). The decision to deny him admission into the RDAP is thus squarely a prison matter potentially affecting the length of his sentence, and his Petition is therefore properly construed as a § 2241 application. Because jurisdiction over § 2241 applications lies only in the district court for the district of confinement, *see, e.g.*, *Rumsfeld v. Padilla*, 542 U.S. 426, 442–43 (2004), the district court lacked jurisdiction over the Petition.[2]

---

[2] Applicant's "Motion to Grant Relief"—which we construe as his opening brief on appeal —contains numerous additional arguments, some of which raise issues that might be within the jurisdiction of the district court. But these arguments were not presented to the district court, and our "general rule [is] that we do not address arguments presented for the first time on appeal." *United States v. Mora*, 293 F.3d 1213, 1216 (10th Cir. 2002).

We **AFFIRM** the district court's dismissal of the Petition.

Entered for the Court


Harris L Hartz
Circuit Judge