FILED
United States Court of Appeals
Tenth Circuit

March 25, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

TAMEKA DENISE JOHNSON,

Defendant-Appellant.

No. 18-5096
(D.C. No. 4:15-CR-00027-GKF-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **MCKAY**, and **BACHARACH,** Circuit Judges.
_____

This appeal grew out of Ms. Tameka Johnson's sentences in federal

and state courts. In federal court, Ms. Johnson moved for a *nunc pro tunc*

ruling that would retroactively make her federal sentence run concurrently

with her Texas and Oklahoma state sentences. The district court denied the

motion on the merits, and Ms. Johnson appeals. The district court was right

_____

[*] We conclude that oral argument would not materially aid our
consideration of this appeal, so we have decided the appeal based on the
appeal briefs and the record on appeal. *See* Fed. R. App. P. 34(a)(2); 10th
Cir. R. 34.1(G).

This order and judgment does not constitute binding precedent except
under the doctrines of law of the case, res judicata, and collateral estoppel.
But the order and judgment may be cited for its persuasive value under
Fed. R. App. P. 32.1(a) and Tenth Cir. R. 32.1(A).

to disallow relief, but it should have dismissed Ms. Johnson's motion for lack of jurisdiction rather than rule on the merits.

**1.     Ms. Johnson seeks modification of her federal sentence to remedy an alleged delay in the start of her federal sentence.**

Ms. Johnson pleaded guilty in federal court to receiving stolen government funds, and the court sentenced her in August 2016 to 47 months' imprisonment. When imposing the federal sentence, the court recognized that Ms. Johnson would be sentenced in Texas for another crime and anticipated that the Texas court would run its sentence concurrently with the federal sentence. But the federal court expressly declined to order the federal sentence to run concurrently with the future Texas sentence.[1]

In the Texas case, the court sentenced Ms. Johnson in October 2016 to 36 months' imprisonment and ordered the sentence to run concurrently with her federal sentence. She completed the Texas sentence on November 21, 2016, but she remained in Texas jails on other charges until October 2017. Though Ms. Johnson was in a Texas jail, the U.S. Marshals Service lodged a detainer against her in July 2017. Despite the detainer, however, Ms. Johnson did not enter federal custody when she completed all of her

---

1     In contrast, the court ordered the federal sentence to run concurrently with Ms. Johnson's anticipated sentence in Tulsa County, Oklahoma.

Texas sentences. She was instead extradited to Oklahoma, where she stayed in jail until her release in February 2018. Two months later (April 2018), federal marshals arrested Ms. Johnson and she started serving her federal sentence.



Ms. Johnson contends that the U.S. Marshals Service should have lodged the detainer by the time that she discharged her initial Texas sentence (November 21, 2016) and that the delay in the detainer extended her time of incarceration by almost two years. To remedy the alleged delay in the detainer, Ms. Johnson seeks modification of her federal sentence to state that it was to also run concurrently with the subsequent incarcerations in Texas and Oklahoma (which ended in February 2018).

**2.    The district court lacked jurisdiction to consider Ms. Johnson's motion.**

Because the district court's jurisdiction involves a question of law, we engage in de novo review. *United States v. Luna-Acosta*, 715 F.3d 860, 864 (10th Cir. 2013). Applying de novo review, we start by considering whether Congress has expressly granted jurisdiction to the district court to modify Ms. Johnson's sentence on the ground that she had asserted. *United*

3

*States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996). Without an express grant of jurisdiction, the district court would lack jurisdiction to modify the sentence. *See United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997) ("A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization.").

Congress has provided a source of jurisdiction in 18 U.S.C. § 3582(b), which permits modification of sentences under

- § 3582(c),

- Federal Rule of Criminal Procedure 35, and

- 18 U.S.C. § 3742.

*See United States v. Spaulding*, 802 F.3d 1110, 1121 n.11 (10th Cir. 2015).

Ms. Johnson failed to timely invoke Rule 35, and she did not allege any circumstances that would support appellate relief under § 3742. Thus, § 3582(c) provided the only conceivable basis for modification of Ms. Johnson's sentence. This section allows modification: (1) upon motion by the Bureau of Prisons, (2) upon a change in the sentencing guidelines, or (3) upon statutory authorization (like that provided in 28 U.S.C. § 2241 and § 2255). *See* 18 U.S.C. § 3582(c)(1)(A), (c)(1)(B), (c)(2); *Spaulding*, 802 F.3d at 1121 n.12. None of these apply. The Bureau of Prisons has not filed a motion, and the applicable sentencing guidelines have not changed.

4

Nor has Ms. Johnson invoked § 2241 or § 2255.[2] To obtain relief, Ms. Johnson instead relies on two opinions, the text of 18 U.S.C. § 3584, and § 5G1.3 of the United States Sentencing Guidelines.

Ms. Johnson points to *Barden v. Keohane*, 921 F.2d 476 (3rd Cir. 1990), and *Setser v. United States*, 132 S. Ct. 1463 (2012). Her reliance on these opinions is misguided.

In *Barden*, the Third Circuit addressed whether the Bureau of Prisons could issue a *nunc pro tunc* order to credit time in state incarceration against a federal sentence. 921 F.2d at 480–81. But the Third Circuit did not extend this authority to federal courts. And even if *Barden* was applicable, we have never adopted its reasoning. *See United States v. Miller*, 594 F.3d 1240, 1242 (10th Cir. 2010) (observing that we have never adopted *Barden*).

Ms. Johnson also misapplies *Setser v. United States*, 132 S. Ct. 1463 (2012). *Setser* recognized the authority of a federal court at an initial sentencing to run a sentence concurrently with an anticipated sentence. 132 S. Ct. at 1468–70. But this opinion does not authorize a court to later

---

[2]     Courts occasionally recharacterize *pro se* motions. *See Castro v. United States*, 540 U.S. 375, 381–82 (2003). But a motion under 28 U.S.C. § 2255 motion would be untimely. *See* 28 U.S.C. § 2255 (f)(1)–(4). And a habeas petition under 28 U.S.C. § 2241 would need to be filed in the district where Ms. Johnson is confined (the District of Minnesota).

modify a sentence by making it run concurrently with another sentence. *See id.*

Ms. Johnson relies not only on *Barden* and *Setser* but also on the text of 18 U.S.C. § 3584. Section 3584 allows for sentences imposed at different times to be made concurrent. But this section applies only if the federal court orders the sentences to run concurrently. Here the federal court didn't order its sentence to run concurrently with any Texas sentences; the federal court ordered only that its sentence run concurrently with the anticipated sentence to be issued in Tulsa County, Oklahoma.

Finally, Ms. Johnson invokes § 5G1.3 of the United States Sentencing Guidelines. This guideline generally allows departures; it doesn't authorize retroactive modification of a sentence previously imposed. *See United States v. Tetty-Mensah*, 665 F. App'x 687, 690 (10th Cir. 2016) (unpublished) ("[T]he Sentencing Guidelines are not jurisdiction-conferring statutes permitting [a] court [sic] to modify a sentence.").

\* \* \*

Without statutory authority to modify Ms. Johnson's sentence, the district court lacked jurisdiction to rule on the merits and should have dismissed the motion for lack of jurisdiction. *See United States v. White*, 765 F.3d 1240, 1250 (10th Cir. 2014) (holding that a motion to modify a

sentence should have been dismissed for lack of jurisdiction, rather than denied, when the district court lacked statutory authority to modify the sentence). We therefore (1) vacate the district court's denial of Ms. Johnson's motion and (2) remand the case to the district court with instructions to dismiss the motion for lack of jurisdiction. We also grant Ms. Johnson's motion to supplement the record on appeal.

Entered for the Court


Robert E. Bacharach
Circuit Judge