FILED
United States Court of Appeals
Tenth Circuit

May 25, 2021

Christopher M. Wolpert
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT
_____

ARTURO SOLIS,

      Petitioner - Appellant,

v.

M. A. STANCIL,

      Respondent - Appellee.

No. 20-1185
(D.C. No. 1:18-CV-02842-DDD)
(D. Colo.)

_____

**ORDER AND JUDGMENT***
_____

Before **HOLMES**, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

    This appeal stems from the administration of Mr. Arturo Solis's convictions and sentences in state and federal courts. Mr. Solis filed a federal habeas petition, claiming that authorities hadn't properly credited time on his federal sentence. The district court denied habeas relief, and we affirm.

---

* This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

## I.  Standard of Review

This Court conducts de novo review of the denial of habeas relief. *See Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010).

## II.  Sentence Computation

While serving his state sentence, Mr. Solis was charged with a federal offense. Doc. 55-1 at ¶ 7. The new federal charge led to his arrest and temporary transfer to federal custody. This transfer required Mr. Solis to spend roughly seven months in federal prison, where he waited for his federal trial to start. Doc. 55-1 at ¶¶ 7, 13. Mr. Solis claims that his federal sentence should have included at least some of the time in this seven-month period. Appellant's Opening Brief at 2–3. We disagree.

The federal sentence did not start when Mr. Solis entered federal custody. At that point, he had not been convicted in federal court, so he could not have been serving a federal sentence. *See* 18 U.S.C. § 3584(a); *see United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980).

The seven-month period ended with Mr. Solis's federal sentencing. In determining the sentence, the federal district court had to decide whether the federal sentence would run concurrently with or consecutively to the state sentence. The court decided to run the federal sentence consecutively to the state sentence. So the court ordered that Mr. Solis wouldn't start serving his federal sentence until he had finished serving his state sentence. Doc. 55-1 at ¶ 14. Given this order, Mr. Solis could not

start serving his federal sentence until he finished serving his state sentence. So he didn't start serving his federal sentence until after the seven-month period had expired.

Mr. Solis claims that both the district court and prison authorities erred because the federal sentence should have run concurrently with the state sentence. But Mr. Solis waived these claims by omitting them in his habeas petition. *Owens v. Trammell*, 792 F.3d 1234, 1246 (10th Cir. 2015).

Even in the absence of waiver, however, these claims would fail for two reasons. First, the sentencing court had discretion to run the sentences consecutively. *See* 18 U.S.C. § 3584(a). Second, when a federal court has ordered sentences to run consecutively, prison authorities cannot unilaterally change the sentence. *United States v. Miller*, 594 F.3d 1240, 1242 (10th Cir. 2010). For both reasons, we would have rejected Mr. Solis's two claims even if he had not waived them.

Affirmed.

Entered for the Court


Robert E. Bacharach
Circuit Judge

3