FILED
**United States Court of Appeals**
**Tenth Circuit**

**July 14, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ESTEBAN CORNELIO-LEGARDA,

    Defendant - Appellant.

No. 21-8085
(D.C. No. 2:07-CR-00239-SWS-1)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MORITZ**, **BRISCOE**, and **CARSON**, Circuit Judges.
_____

Defendant Esteban Cornelio-Legarda, a prisoner proceeding pro se, moved for a

sentence reduction under United States Sentencing Guidelines § 5G1.3(b)(2), claiming

his state and federal convictions should run concurrently.[1] Generally, § 5G1.3(b)(2)

exists to credit defendants who served time in another jurisdiction for the same course of

conduct. See United States v. Johnson, 40 F.3d 1079, 1082 (10th Cir. 1994) (citation

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Defendant previously requested a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). The district court granted the motion in part, reducing Defendant's life sentence to 360 months.

omitted). Before the district court, Defendant argued that because his state convictions for escape and joyriding were "relevant conduct" to his federal convictions, he should receive credit pursuant to § 5G1.3(b)(2) for serving a state sentence of three years, six months, and eleven days. Defendant referred to no other legal authority in support of the relief he sought. Recognizing that § 5G1.3(b)(2) does not, in and of itself, confer jurisdiction for a court to modify a defendant's federal sentence, the district court dismissed Defendant's motion for lack of jurisdiction.[2] Defendant appeals. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

We review a district court's dismissal for lack of jurisdiction to modify a sentence de novo. United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996). Federal courts cannot modify a prison term unless Congress "expressly granted the court jurisdiction." Id. (citation omitted). And the Guidelines do not confer jurisdiction. See United States v. Tetty-Mensah, 665 F. App'x 687, 690 (10th Cir. 2016) (unpublished) (explaining the Sentencing Guidelines are not jurisdiction-conferring statutes permitting a court to modify a sentence). Rather, they advise sentencing courts. Id. (citing 28 U.S.C. § 994(a)(1)). Because Defendant's argument relies solely on the guidelines as the basis for his requested sentencing modification, we conclude the district court correctly determined that it lacked jurisdiction to modify his sentence.

---

[2] The district court alternatively denied the motion because Defendant's state sentence arose from conduct not related to his federal sentence. Because the district court correctly determined that it lacked jurisdiction to modify Defendant's federal sentence, we do not reach its alternative conclusion.

AFFIRMED.

Entered for the Court


Joel M. Carson III
Circuit Judge